Argued February 3, reversed and remanded September 10, 1971

# STACHNIEWICZ, *Appellant, v.* MAR-CAM CORPORATION, *Respondent.*

488 P2d 436

R. *Ryan Lawrence,* Portland, argued the cause for appellant. On the brief were Nels Peterson, and Peterson, Chaivoe & Peterson, Portland.

*George M. Joseph,* Portland, argued the cause for respondent. With him on the brief were Thomas S. Moore, and Morrison & Bailey, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL, and BRYSON, Justices.

HOLMAN, J.

The patron of a drinking establishment seeks to recover against the operator for personal injuries allegedly inflicted by other customers during a barroom brawl. The jury returned a verdict for defendant. Plaintiff appealed.

From the evidence introduced, the jury could find as follows:

A fight erupted in a bar between a group of persons of American Indian ancestry, who were sitting in a booth, and other customers who were at an adjacent table with plaintiff. One of plaintiff's friends had refused to allow a patron from the booth to dance with the friend's wife because the stranger was intoxicated. Thereafter, such threats as, "Hey, Whitey, how

big are you?" were shouted from the booth at plaintiff and his companions. One of the persons at the table, after complaining to the bartender, was warned by him, "Don't start trouble with those guys." Soon thereafter, those individuals who had been sitting in the booth approached the table and one of them knocked down a person who was talking to a member of plaintiff's party. With that, the brawl commenced.

After a short melee, someone shouted "Fuzz!" and those persons who had been sitting in the booth ran out a door and into the parking lot, with one of plaintiff's friends in hot pursuit. Upon reaching the door, the friend discovered plaintiff lying just outside with his feet wedging the door open.

Plaintiff suffered retrograde amnesia and could remember nothing of the events of the evening. No one could testify to plaintiff's whereabouts at the time the band in the booth went on the warpath or to the cause of the vicious head injuries which plaintiff displayed when the brawl was ended.

The customers in the booth had been drinking in defendant's place of business for approximately two and one-half hours before the affray commenced.

The principal issue is whether, as plaintiff contends, violations of ORS 471.410 (3) and of Oregon Liquor Control Regulation No. 10-065 (2) constitute negligence as a matter of law. The portion of the statute relied on by plaintiff reads as follows:

"(3) No person shall give or otherwise make available any alcoholic liquor to a person visibly intoxicated * * *."

The portion of the regulation to which plaintiff points provides:

"(2) No licensee shall permit or suffer any

loud, noisy, disorderly or boisterous conduct, or any profane or abusive language, in or upon his licensed premises, or permit any visibly intoxicated person to enter or remain upon his licensed premises."

The trial court held that a violation of either the statute or the regulation did not constitute negligence per se. It refused requested instructions and withdrew allegations of negligence which were based on their violation.

1. A violation of a statute or regulation constitutes negligence as a matter of law when the violation results in injury to a member of the class of persons intended to be protected by the legislation and when the harm is of the kind which the statute or regulation was enacted to prevent. *Dimick v. Linnell,* 240 Or 509, 511, 402 P2d 734 (1965); *Smith v. Portland Traction Co.,* 226 Or 221, 359 P2d 899 (1961). The reason behind the rule is that when a legislative body has generalized a standard from the experience of the community and prohibits conduct that is likely to cause harm, the court accepts the formulation. Justice Traynor in *Clinkscales v. Carver,* 22 Cal2d 72, 136 P2d 777 (1943).

However, in addition, it is proper for the court to examine preliminarily the appropriateness of the standard as a measure of care for civil litigation under the circumstances presented. F. James, Jr., "Statutory Standards and Negligence in Accident Cases," 11 La L Rev 95, 111-12 (1950-51); Restatement (Second) of Torts § 286, comment *d.* (1965). The statute in question prevents making available alcohol to a person who is *already visibly intoxicated.* This makes the standard particularly inappropriate for the awarding of civil damages because of the extreme difficulty, if

not impossibility, of determining whether a third party's injuries would have been caused, in any event, by the already inebriated person. Unless we are prepared to say that an alcoholic drink given after visible intoxication is the cause of a third party's injuries as a matter of law, a concept not advanced by anyone, the standard would be one almost impossible of application by a factfinder in most circumstances.

2. Moreover, while it does not necessarily follow from the inclusion in the same statute of the prohibitions against purveying alcoholic drinks to minors and to intoxicated persons that a violation of either provision should be treated identically, we have already held in *Wiener v. Gamma Phi ATO Frat.*, 255 Or 632, 485 P2d 18 (1971) that the statute, insofar as minors are concerned, is not an appropriate standard of care in civil damage actions brought by a third party who is injured as the result of the acts of a drunken minor. Hence, we agree with the trial court that a violation of the statute should not constitute negligence as a matter of law in a civil action for damages against its violator.

The regulation promulgated by the commission is an altogether different matter. The regulation requires certain conduct of licensees in the operation of bars. The regulation was issued under ORS 471.730(5) which provides:

"The function, duties and powers of the commission include the following:

"* * * * *.

"(5) To adopt such regulations as are necessary and feasible for carrying out the provisions of this chapter and to amend or repeal such regulations. When such regulations are adopted they shall have the full force and effect of law."

ORS 471.030, entitled "Purpose of Liquor Control Act," provides, in part, as follows:

"(1) The Liquor Control Act shall be liberally construed so as:

"(a) To prevent the recurrence of abuses associated with saloons or resorts for the consumption of alcoholic beverages.

"* * * * * *"

An examination of the regulation discloses that it concerns matters having a direct relation to the creation of physical disturbances in bars which would, in turn, create a likelihood of injury to customers. A common feature of our western past, now preserved in story and reproduced on the screen hundreds of times, was the carnage of the barroom brawl. No citation of authority is needed to establish that the "abuses associated with saloons," which the Liquor Control Act seeks to prevent, included permitting on the premises profane, abusive conduct and drunken clientele (now prohibited by the regulation) which results in serious personal injuries to customers in breach of the bar owner's duty to protect his patrons from harm. We find it reasonable to assume that the commission, in promulgating the regulation, intended to prevent these abuses, and that they had in mind the safety of patrons of bars as well as the general peace and quietude of the community. In view of the quoted purpose of the Act and of the history of injury to innocent patrons of saloons, we cannot assume otherwise.

3. In addition, we see no reason why the standard is not an appropriate one for use in the awarding of civil damages. Because plaintiff was within the class of persons intended to be protected by the regulation

and the harm caused to him was the kind intended to be prevented by the statute, we hold that the trial court erred in not treating the alleged violations of the regulation as negligence as a matter of law.[1]

4. Besides contending that the regulation should not be used as a standard of care for the protection of plaintiff, defendant also contends that, in any event, there was insufficient evidence to submit to the jury the questions of whether permitting visibly intoxicated persons to remain upon the premises, and failing to remove them therefrom after they had threatened violence, were causes of the injuries to plaintiff. Defendant argues that there is no proof of causation because it was not shown that one of the persons in the booth inflicted the injuries upon plaintiff, nor, if it is inferred that one of them did, could it be shown that it was as the result of defendant's failure to remove such persons from the premises. We believe it would be fair for the jury to infer, in the circumstances set forth in the statement of the facts, that plaintiff was injured by one of the persons in the booth who had created the disturbance and that the injuries would not have occurred except for defendant's violation of the commission's regulation, as alleged.

The judgment of the trial court is reversed and the case is remanded for a new trial.

---

[1] Certain allegations of negligence were stricken which related to action prohibited by the statute or regulation. No contention is made by plaintiff that these allegations should have been submitted as other allegations of common law negligence. Also, there may have been allegations submitted to the jury on a common law basis that were somewhat similar to those which were stricken, but there is no indication that this fact was the basis for the trial court's striking of the allegations.