# DAVIS, *Appellant,*
## *v.*
# BILLY'S CON-TEENA, INC. et al, *Respondents.*
## (TC A7707-09630, SC 25614)

587 P2d 75

Terry G. Hannon, of Pattullo, Gleason, Scarborough, Trammell & Hannon, P.C., Gresham, argued the cause and filed the brief for appellant.

Stephen F. English, of Jones, Lang, Klein, Wolf & Smith, Portland, argued the cause and filed the brief for respondents.

TONGUE, J.

Denecke, C. J., dissenting. Howell, J., joins this dissent.

Bryson, J., specially concurring.

**TONGUE, J.**

This is an action for wrongful death against the owners of two taverns, each of whom allegedly sold a keg of beer to two minors without requiring proof of age. Plaintiff's decedent was killed by an automobile driven by another minor who allegedly consumed beer from both kegs and became intoxicated, after which he allegedly drove his car at a high rate of speed and in a reckless manner through an intersection, striking decedent's car and causing his death. Plaintiff appeals from a judgment for defendants entered after demurrers to plaintiff's complaint had been sustained.

■ Plaintiff assigns as error the sustaining of defendants' demurrers, contending that his complaint stated a cause of action for negligence both at common law and negligence *per se* for violation of ORS 471.130(1), which makes it unlawful to sell liquor to any person "about whom there is any reasonable doubt of his having reached 21 years of age" without first requiring an identification card issued under ORS 471.140 or other proof of age.[1] In support of those contentions plaintiff relies primarily upon our recent decision in *Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977), and upon the decision of the New Jersey Supreme Court in *Rappaport v. Nichols,* 31 NJ 188, 156 A2d 1, 75 ALR2d 821 (1959), cited with approval by this court in *Campbell* (at 240). Both *Campbell* and

---

[1] The complaint alleged that:

"On or about September 25, 1976, defendants Billy's Con-Teena, Inc., Dennis M. Durnin, William J. Einzig, Stanford L. Day and Walter M. Dickie, III, sold a keg of beer to Jeffery Vanderpool (Vanderpool) and defendants Odrlin sold a keg of beer to Gregory Radakowsky (Radakowsky), both of whom were under the age of 21 years. There was or should have been considerable doubt at the time of the purchases whether Vanderpool and Radakowsky had reached 21 years of age. The defendants failed to require production of identification cards or require a written statement of age from either Vanderpool or Radakowsky."

The complaint also alleged a cause of action in strict liability. This court is not prepared to extend the rule of strict liability to such cases, particularly in view of our holding that this complaint states a cause of action for negligence *per se* for violation of ORS 471.130(1).

[ 353 ]

*Rappaport* were wrongful death actions involving sales made directly to intoxicated persons, who then drove cars recklessly, causing the deaths of the decedents. Plaintiff contends, however, that the reasoning of the courts in those cases supports plaintiff's right to recover in this case.

In response, defendants first contend that plaintiff's complaint fails to state a cause of action for common law negligence because: (1) this court held in *Wiener v. Gamma Phi, ATO Frat.*, 258 Or 632, 485 P2d 18 (1971), that one who is merely a "conduit" is supplying alcohol to others who have control of its distribution to third parties is not liable for resulting injuries to other innocent third parties, even where the supplier has reason to know that the distribution will be done unwisely, and (2) plaintiff's complaint does not allege any foreseeability on the part of the defendants that the alcohol purchased would be distributed unwisely, but would require speculation as to what should or should not have been foreseen by a tavern owner who failed to request proof of age prior to selling alcohol to a minor.

■ Upon examination of plaintiff's complaint, as set forth above,[2] it would appear that it was drafted to state a cause of action for negligence *per se* for violation of ORS 471.130(1), rather than as a cause of action for ordinary common law negligence. It may be that the allegations of the complaint are sufficient to state such a cause of action. Because, however, the complaint appears to have been drafted on a theory of negligence for violation of the statute and because we believe that it states such a cause of action, for reasons to be discussed, we prefer not to decide in this case whether or not such allegations may also be sufficient to state a cause of action for common law negligence. It thus becomes unnecessary to consider defendants' contentions or reasons why plaintiff's complaint did not state a cause of action for common law negligence.

---

[2] *See* n.1, *supra*.

Defendants also contend, however, that plaintiff's complaint fails to state a cause of action based on negligence *per se* for violation of a statute. The basis for that contention, as stated by defendants, is that this court held in *Wiener* that the Oregon Liquor Control Act "has as its protective class minors and not the public in general."

Plaintiff contends, on the contrary, that the Oregon Liquor Control Act has as one of its purposes "to protect the safety, welfare, health, peace and morals of the people of the state" (ORS 471.030(1)(c)) in that ORS 471.130(1), which makes it unlawful to sell liquor to any person "about whom there is any reasonable doubt of his having reached 21 years of age" without first requiring proof of age, is a part of that Act. Plaintiff contends that, as a result, when defendants each sold a keg of beer to minors without requiring proof of age, contrary to the provisions of that statute, they were guilty of negligence as a matter of law in the sense that a rebuttable presumption of negligence arose from the violation of that statute (citing *Barnum v. Williams,* 264 Or 71, 78-79, 504 P2d 122, 126 (1972)).[3]

We did not hold in *Wiener,* as contended by defendants, that the entire Oregon Liquor Control Act "has as its protective class minors and not the public in general." In *Wiener* it was contended by the plaintiff that one of the defendants was negligent in violating ORS 471.410(2) which provides that "no person *other than his parent or guardian* shall sell, give or otherwise make available any alcoholic liquor to any person under the age of 21 years." We stated that:

---

[3] ORS 471.130(1) provides:

"All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of his having reached 21 years of age, shall require such person to produce his identification card issued under ORS 471.140. However, if the person has no identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of his true age and identity."

"We think that the design of ORS 471.410(2) was to protect minors from the vice of drinking alcoholic beverages; it was not the purpose of the statute to protect third persons from injury resulting from the conduct of inebriated minors or of imposing liability upon a person contributing to the minor's delinquency by furnishing him with alcohol." (258 Or at 638)

Because under the express terms of ORS 471.410(2) liquor may legally be given by parents or guardians to minors who may then become intoxicated and injure third persons, it is more difficult to justify a holding that the purpose of ORS 471.410(2) was to protect third persons from injury by inebriated minors. It does not follow that the only purpose of other provisions of the Oregon Liquor Control Act relating to minors, including ORS 471.130(1), is to protect minors and not to protect third persons from injury by inebriated minors.

The provisions of ORS 471.130(1), relating to the sale or service of liquor to minors without proof of age, apply exclusively to "licensees and permittees of the commission." No mention is made of parents or guardians of minors. Moreover, it is provided by ORS 471.030(1)(c) that the Oregon Liquor Control Act shall be "liberally construed" to "protect the safety, welfare, health, peace and morals of the people of the state."

Accordingly, we hold that one of the purposes of ORS 471.130(1) is to protect the "safety" and "health" of other "people of the state," including persons who may be killed or injured by inebriated minors.[4] This holding is in accord with the decision of the New Jersey court in *Rappaport v. Nichols, supra,* which has been previously cited and quoted with approval by this court in *Campbell v. Carpenter, supra* (at 240) for its holding of common law negligence. *See also Wiener v.*

---

[4]To the extent that what we said in *Stachniewicz v. Mar-Cam Corporation,* 259 Or 583, 488 P2d 436 (1971), may be construed as holding to the contrary, that portion of our decision in that case, which was not necessary to that decision, is overruled.

*Gamma Phi, ATO Frat., supra* (at 639) citing *Rappaport* with approval.

In *Rappaport* it was held (at 8) that:

"* * * The Legislature has in explict terms prohibited sales to minors as a class because it recognizes their very special susceptibilities and the intensification of the otherwise inherent dangers when persons lacking in maturity and responsibility partake of alcoholic beverages; insofar as minors are concerned the sale of the first drink which does 'its share of the work' (Taylor v. Wright, 126 Pa. 617, 621, 17 A. 677, 678 (1889)) and which generally leads to the others is unequivocally forbidden. See R.S. 33:1-77, N.J.S.A. In furtherance of the legislative policy, the Division of Alcoholic Beverage Control has by its Regulation No. 20, Rule 1, provided that no licensee shall permit any minor to be served or consume any alcoholic beverages; and the same regulation contains a provision against service to or consumption by any person 'actually or apparently intoxicated'. It seems clear to us that these broadly expressed restrictions were not narrowly intended to benefit the minors and intoxicated persons alone but were wisely intended for the protection of members of the general public as well. * * *" (Citations omitted)

It follows, in our judgment, that in alleging that defendants sold two kegs of beer to two minors as to whom "there was or should have been considerable doubt" whether they were 21 years of age, without requiring proof of age, the complaint alleged that defendants' conduct was in violation of ORS 471.130(1) and that such an allegation was sufficient as the basis for contending that defendants were presumably negligent as a matter of law.[5] It also follows that it was error for the trial court to sustain defendants' demurrers to plaintiff's complaint.

The judgment of the trial court is reversed.

---

[5] *See Trail v. Christian,* 298 Minn 101, 213 NW2d 618 (1973); *Vance v. United States,* 355 F Supp 756 (D Alaska 1973); and *Prevatt v. McClennan,* 201 So 2d 780 (Fla App 1967). *Cf. Stone v. Shaw Supply Co.,* 148 Or 416, 420-21, 36 P2d 606 (1934).

**DENECKE, C. J.,** dissenting.

ORS 471.130(1) provides:

"All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of his having reached 21 years of age, shall require such person to produce his identification card issued under ORS 471.140. However, if the person has no identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of his true age and identity."

The majority holds that one of the legislative purposes of this statute was to protect persons who may be killed by one who has obtained alcoholic liquor from another who, in turn, obtained alcoholic liquor from a seller who failed to require the purchaser to produce an identification card showing the purchaser to be over twenty-one.

The majority attempts to distinguish its holding from our decision in *Wiener v. Gamma Phi, ATO Frat.*, 258 Or 632, 638, 485 P2d 18 (1971). That case involved ORS 471.410(2) providing:

" '* * * [N]o person other than his parent or guardian shall give or otherwise make available any alcoholic liquor to any person under the age of 21 years,' * * *." 258 Or at 638.

To distinguish *Wiener* the majority relies upon the fact that ORS 471.410(2), interpreted in *Wiener*, does not make it a crime for a parent to give alcoholic liquor to his or her minor child. The majority apparently reasons that this expresses a legislative intent that the statute was not intended to protect third persons because if it were so interpreted third persons injured by minors who obtained liquor from their parents could not recover, while those who were injured by minors who obtained liquor from other than their parents could recover—an incongruous result.

This section has been in the statute since the inception of the Oregon Liquor Control Act, § 33,

[ 358 ]

Oregon Laws 1933 (Second Special Session), ch 17, p 38. I am of the opinion that it was inserted in the belief that it was a parent's prerogative whether the parent gave his or her children alcoholic liquor. As stated, the majority rests its holding on the reasoning that ORS 471.130(1), requiring proof of age, was intended to protect third persons from death or injury from intoxicated minors.

The only evidence the majority cites as evidence of such legislative intent is that the act states that the act shall be "liberally construed" and it is to "protect the safety, welfare, health, peace and morals of the people of the state." ORS 471.030(1)(c). That same preamble covers and applies to ORS 471.410(2), the statute construed in *Wiener,* and apparently was believed by the *Wiener* majority to be of little consequence. The same preamble appears in the first enactment of the Oregon Liquor Control Act in 1933 and has ever since. Oregon Laws 1933 (Second Special Session), ch 17, §2, p 38.

The statute with which we are concerned in this case states its purpose and it is not what the majority states it to be:

"*For the purpose of preventing minors from illegally securing alcoholic liquor by representing falsely their age,* all licensees and permittees of the Oregon liquor control commission, before selling or serving alcohlic liquor to any person about whom there is any reasonable doubt of such persons having reached the age of majority, shall require such person to make a written statement of age and furnish other evidence of age and identity.

"* * * * *.

"Section 3. It shall be unlawful for any person to make a statement of age that is false in whole or in part, or to produce any evidence that would falsely indicate his or her age." (Emphasis added.) Oregon Laws 1949, ch 592, §§ 1, 3, p 1001.

I am well aware that determining whether the legislature intended a criminal statute to be the basis

of tort liability is difficult and this court, as well as others, has had problems in this field. Nevertheless, I am compelled to dissent in this case. The express, and, to me, obvious purpose of the statute relied upon by the majority is not what the majority believes it to be. Furthermore, in the last eight years we have held in two cases that the purpose of the parts of the alcoholic control statutes involved was not to protect injured third persons. *Wiener v. Gamma Phi, ATO Frat.,* supra (258 Or 632), and *Stachniewicz v. Mar-Cam Corporation,* 259 Or 583, 586-587, 488 P2d 436 (1971). Now, without any supporting reasoning except resorting to the general language of the preamble of the Alcoholic Control Act which was applicable to the statutes in two cases which we decided to the contrary, the majority holds the statute was intended by the legislature to protect third persons.

Plaintiff may be able to recover on the theory of common-law negligence. The majority has not determined that issue.

Howell, J., joins in this dissent.

**BRYSON, J.,** specially concurring.

I concur in the majority opinion because I dissented in *Wiener v. Gamma Phi, ATO Frat.,* 258 Or 632, 644, 485 P2d 18 (1971). I believe we should overrule *Wiener* rather than distinguish that case from the one at bar.

The complaint in *Wiener* alleged that defendants knew that minors, including Blair, a minor and driver of the car, would be attending the party and would be served intoxicating beverages; that Kienow, a member of the defendant fraternity, knew of the party and of the minors attending when he delivered the alcoholic beverages to the Country Squire Recreation Ranch to be consumed by minors, including Blair. I fail to distinguish any difference between the facts of the two cases.