Argued September 19, 1978, reversed and remanded
March 19; reconsideration denied May 8; petition for
review allowed June 15, 1979

MILLER, *Plaintiff,*
*v.*
CITY OF PORTLAND, et al, *Defendants.*

CITY OF PORTLAND, et al,
*Third Party Plaintiffs-Appellants,*
*v.*
ALHADEFF, et ux,
*Third-Party Defendants-Respondents.*
(No. A 7602-02459, CA 10332)

592 P2d 276

[389]

John S. Cavanagh, Portland, argued the cause for appellants. With him on the briefs were Andy Griffith, and Jones, Lang, Klein, Wolf & Smith, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondents. With him on the brief were Steven H. Pratt, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Tanzer, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Third-party plaintiffs (hereinafter City) appeal from the striking by the trial court of all allegations of negligence from their first and second amended complaints and from an order of the trial court allowing a motion for judgment on the pleadings and entering judgment in favor of the third-party defendants (hereinafter Alhadeffs).

The facts, as alleged by the various pleadings, are as follows. On the night of November 3, 1974 Darlene Miller and Brian Kolibaba, both minors, were served liquor at Dave's Rallye Tavern. After drinking, the two left on Kolibaba's motorcycle, he driving and she riding on the back, and collided with a police car driven by third-party plaintiff Donald Lind. As a result of the collision Miller was injured.

Miller brought an action against Lind and the City, alleging various acts of negligence in the operation of the police car. The parties settled upon a payment of $23,000 by the City to Miller and a stipulated order was entered dismissing the primary case.

The City then sued the Alhadeffs, who were the tavern owners, for contribution. The City filed two amended complaints, the first containing six allegations of negligence and the second reworded to contain four as follows:

"1. In selling or making available alcoholic liquor to Darlene M. Miller, when they knew or should have known she was a person under the age of twenty-one years, and when they knew or should have known that she would ride on a motorcycle;

"2. In selling or making available alcoholic liquor to Brian R. Kolibaba, when they knew or should have known he was a person under the age of twenty-one years, and when they knew or should have known that he would operate a motorcycle;

"3. In selling or making available alcoholic liquor to Darlene M. Miller at a time when they knew or should have known she was visibly intoxicated, and

when they knew or should have known that she would ride on a motorcycle;

"4. In selling or making available alcoholic liquor to Brian R. Kolibaba at a time when they knew or should have known he was visibly intoxicated, and when they knew or should have known that he would operate a motorcycle." (Emphasis supplied.)

In making its allegations the City relied upon *Campbell v. Carpenter*, 279 Or 237, 566 P2d 893 (1977), which held that a tavern owner is liable at common law for injuries caused to a third party where the tavern has served a visibly intoxicated person and the tavern's negligence in so serving is a substantial factor in bringing about the injuries of the third person.

The trial court allowed the Alhadeffs' motions to strike the allegations of negligence, apparently persuaded by the Alhadeffs' argument that *Campbell* only applied to situations where the person injured was an innocent third party. The Alhadeffs contended that *Campbell* was not applicable to the serving of liquor to Miller because no third party was injured, nor to the serving of liquor to Kolibaba because, although Miller was a third party allegedly injured by the serving of liquor to him, she was not "innocent" because she had been drinking.

The City declined to plead further and the trial judge entered judgment for the Alhadeffs. We examine the pleadings to determine whether, as a matter of law, any of the four particulars is a sufficient allegation of negligence. We determine that all four were erroneously stricken by the trial judge and we reverse.

We look first at the two allegations contending the Alhadeffs were negligent in serving Miller and Kolibaba when they knew or should have known each was a person under the age of 21. Because of the Supreme Court's recent decision in *Davis v. Billy's Con-Teena, Inc.*, 284 Or 351, 587 P2d 75 (1978), we do

[392]

not consider whether these two allegations state legally sufficient causes of action in common law negligence.

In *Davis*, the Supreme Court declined to decide whether the selling of liquor to a minor, who in turn drove an automobile recklessly and caused a death, constituted negligence at common law, but held that it did constitute negligence per se under ORS 471.130(1), which makes it unlawful to sell liquor to any person "about whom there is any reasonable doubt of his having reached 21 years of age" without first requiring proof of age.

■ Although the City filed its complaint without benefit of the *Davis* decision,[1] we find the first two allegations to be sufficient statements of negligence per se under *Davis*. The allegations state that the Alhadeffs knew or should have known that Miller and Kolibaba were persons under the age of twenty-one. Although not couched in the language of ORS 471.130(1), these allegations set forth the essence of the statute, which is the tavern keeper's knowledge that the persons served were minors. Therefore, the City should have the opportunity to present evidence tending to show violation of the statute, which, if accepted by the jury, would constitute negligence per se under *Davis.*

■■ The remaining two allegations of negligence must be examined in light of the common law rules set forth in *Campbell* since they do not fall within the negligence per se rule of the *Davis* opinion. We hold that the trial judge erred in striking the fourth allegation which contends that the Alhadeffs were negligent in serving Kolibaba when they knew or should have known he was visibly intoxicated and would operate a

---

[1] In fact, *Davis* was decided on November 29, 1978, more than two months after oral arguments in the case before us, which arguments were heard on September 19, 1978. Therefore, the City did not have benefit of knowing about *Davis* at any stage in the proceeding.

motorcycle. As in *Campbell*, the person injured, Miller, is a third party in relation to the person named as served in this allegation, *i.e.* Kolibaba. Although the drunken party in *Campbell* did bring about the deaths of two apparently faultless persons, the decision is not specifically limited to injuries to "innocent" third parties as argued by the Alhadeffs. If there is evidence of comparative negligence on the part of Miller,[2] it will presumably be brought forth at trial, but this is not a reason to foreclose the action at this stage. The City should have the opportunity to attempt to prove that Kolibaba's drunken condition was a substantial factor in bringing about Miller's injuries. Finally, we hold that the third allegation, contending that the Alhadeffs were negligent in serving Miller when they knew or should have known that she was visibly intoxicated and would ride on a motorcycle, was sufficient under *Campbell* and was, therefore, erroneously stricken. The *Campbell* decision was based upon the decision of the New Jersey Supreme Court in *Rappaport v. Nichols*, 31 NJ 188, 156 A2d 1 (1959), from which our Supreme Court quoted at length and with approval, in part as follows:

" '* * * Negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others. * * *

" '* * * * *

" 'When alcoholic beverages are sold by a tavern keeper * * * to an intoxicated person, the unreasonable risk of harm *not only to * * * the intoxicated person* but also to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent. * * *' " 279 Or at 240. (Emphasis supplied.)

---

[2] The Supreme Court has held that the fact of intoxication alone does not constitute contributory negligence. *Lynn v. Stinnette*, 147 Or 105, 31 P2d 764 (1934).

Citing *Rappaport*, the *Campbell* court held that:

"* * * [A] tavern keeper is negligent if, at the time of serving drinks to a customer, that customer is 'visibly' intoxicated because at that time it is reasonably foreseeable that when such a customer leaves the tavern he or she will drive an automobile. * * *" 279 Or at 243-44.

While it is true that the fact situation in *Campbell* involved injuries to third persons, we find that the *Campbell* rationale applies equally to the facts presented by the City's third allegation. Like driving a car, riding on a motorcycle is foreseeably dangerous if performed by a person not in full possession of her faculties. The fact that Miller herself was injured should not take the allegation out of the scope of *Campbell* since the policy behind the case is apparently to hold tavern keepers liable for injuries which foreseeably result from the serving of an intoxicated person.[3]

Since the trial court erred in striking the four allegations of negligence, judgment should not have been entered on the pleadings.

Reversed and remanded.

---

[3] In limiting our holding to the fact situation before us where it was allegedly foreseeable that the injured party would engage in an activity potentially dangerous when mixed with alcohol, we do not go so far as the New Jersey cases which have followed *Rappaport*. Those cases interpret *Rappaport* as giving an intoxicated person a cause of action against a tavern whenever the tavern's serving of liquor to the patron is a substantial factor in bringing about the patron's injuries. *See Tiger v. American Legion Post 43*, 123 NJ Super 361, 311 A2d 179 (1973), wherein patron, after drinking, was struck by a car while walking along a road and *Soronen v. Olde Milford Inn, Inc.*, 46 NJ 582, 218 A2d 630 (1966), wherein patron, after drinking, got off a bar stool, took several steps and fell, striking his head against a steel column.