Argued and submitted October 1, 1979, affirmed in part;
reversed in part and remanded January 2, 1980

MILLER,
*Plaintiff,*
*v.*
CITY OF PORTLAND, et al,
*Defendants.*
*CITY OF PORTLAND, et al,*
*Third Party Plaintiffs/ Respondents,*
*v.*
ALHADEFF, et ux,
*Third Party Defendants/ Petitioners.*

(No. A7602-02459, CA 10332, SC 26194)

604 P2d 1261

Elizabeth K. Reeve, Portland, argued the cause for third party defendants/petitioners. With her on the petition were Wayne A. Williamson, Ridgway K.

Foley, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland. On the brief were Ridgway K. Foley, Jr., Steven H. Pratt, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

John S. Cavanagh, Portland, argued the cause for third party plaintiffs/respondents. With him on the briefs were Andy Griffith, and Jones, Lang, Klein, Wolf & Smith, Portland.

Before Denecke, Chief Justice, and Holman, Howell, Lent, Linde, and Peterson, Justices.

HOLMAN, J.

Peterson, J., specially concurred and filed opinion.

**HOLMAN, J.**

This is a third party action brought by the City of Portland and one of its police officers against the operators of a tavern. The city and the officer (hereinafter the City) were sued for damages resulting from personal injuries arising out of a traffic accident in which a police car, driven by the officer, collided with a motorcycle operated by Brian Kolibaba and on which Darleen Miller was a passenger. Miller sued the City, and the City made the Alhadeffs, the tavern operators, third party defendants. The City settled with Miller and seeks contribution from the Alhadeffs on the basis that they were also responsible for the accident. The trial court struck all the allegations of negligence made by the City in its third party complaint against the Alhadeffs and, when it refused to plead further, entered judgment for the Alhadeffs. The City appealed and the Court of Appeals reversed the trial court, holding that all the allegations of negligence were proper. 39 Or App 389, 952 P2d 276 (1979). This court allowed the Alhadeffs' petition for review.

The City's third party complaint is brought upon the basis that the Alhadeffs were negligent in selling liquor to Miller and Kolibaba when they were under age and visibly intoxicated, which negligence combined with that of the police officer in causing the accident in which Miller was injured. The allegations of negligence were, as follows:

"1. In selling or making available alcoholic liquor to Darlene M. Miller, when they knew or should have known that she was a person under the age of twenty-one years, and when they knew or should have known that she would ride on a motorcycle;

"2. In selling or making available alcoholic liquor to Brian R. Kolibaba, when they knew or should have known he was a person under the age of twenty-one years, and when they knew or should have known he would operate a motorcycle;

[273]

"3. In selling or making available alcoholic liquor to Darlene M. Miller at a time when they knew or should have known she was visibly intoxicated, and when they knew or should have known that she would ride a motorcycle;

"4. In selling or making available alcoholic liquor to Brian R. Kolibaba at a time when they knew or should have known that he was visibly intoxicated, and when they knew or should have known that he would operate a motorcycle."

In a suit for contribution, the third party defendant is liable to the original defendant-third party plaintiff for a portion of the total liability only if the original plaintiff could have recovered against the third party defendant. ORS 18.440(1).[1] The Alhadeffs, then, can be liable to the City only if they would have been liable to Miller had she brought an action against them. Therefore, in determining the adequacy of the City's allegations of negligence, we must treat them as if Miller were alleging them against the Alhadeffs.

The second and fourth allegations of negligence relate to making available alcoholic liquor to Kolibaba. The second allegation is that alcoholic liquor was furnished to Kolibaba when defendants knew or should have known he was under the age of 21 years; the fourth allegation is that it was furnished to him when they knew or should have known he was visibly intoxicated. We agree with the Court of Appeals that these two allegations are sufficient to state a cause of action in favor of Miller against the tavern operators. In *Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977), we held that the proprietors of a bar could be liable to third parties who were injured in an automobile accident resulting from the selling of alcoholic liquor to a customer who was visibly intoxicated when

---

[1] "Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recoverd against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant."

it was known or should have been known that the customer would leave the premises by operating a motor vehicle. The liability was based upon common law negligence and not as the result of the adoption of any statute.

In *Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 587 P2d 75 (1978), we held that the proprietors of two taverns who allegedly each sold a keg of beer to persons under 21 years of age could be liable for the death of a third party who was killed as the result of an automobile accident caused by an intoxicated minor who consumed the beer. The liability was based upon negligence per se for the violation of ORS 471.130(1),[2] which makes it unlawful for a licensee to sell alcoholic beverages without taking certain precautions regarding anyone about whom there is any doubt of his having reached 21 years of age.[3] *Davis* was decided subsequent to the ruling of the trial court in this case.

It is apparent from the two cases discussed above that allegations of negligence two and four of plaintiff's complaint are each sufficient to state a cause of action.

Defendants contend that plaintiff should not be allowed to recover because she participated with Kolibaba in his drinking and inebriation, and she is therefore not in the position of an innocent third party. The court is not in a position to address this question because the issue is not raised by the pleadings. The complaint alleges only that they were both patrons of the tavern and that after both had been drinking beer, Kolibaba gave Miller a ride on his motorcycle. There

---

[2]    "All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of his having reach 21 years of age, shall require such person to produce his identification card issued under ORS 471.140. However, if the person has no identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of his true age and identity."

[3] *See also Wiener v. Gamma Phi, ATO Frat.,* 258 Or 632, 643, 485 P2d 18 (1971), which indicates a common law duty.

are no allegations from which it must necessarily be concluded that they were partying together.

The Court of Appeals concluded that the first allegation of negligence, asserting Miller's lack of age, if true, established negligence based upon the tavern's violation of ORS 471.130(1).[4] While we have held in *Davis, supra,* that an action may be maintained against a commercial purveyor of liquor for the death of a third party killed by a minor who received liquor in violation of ORS 471.130(1),[5] we have not held that a violation of the statute can be used as a basis for recovery by the under-age customer. The two conventional tests for finding a right of action under the negligence per se doctrine are (1) whether the injured person is a member of the class intended by the legislature to be protected, and (2) whether the harm is of the kind which the statute was intended to prevent. *Stachniewicz v. Mar-Cam Corporation,* 259 Or 583, 586, 488 P2d 436 (1971). The holding in *Davis* indicates that the harm to be prevented includes injuries from traffic accidents caused by the minor's drunkenness, but we have not yet held that the inebriated minor is within the class of persons intended to be protected.

It is appropriate at this time to discuss in a broader context the effect which the enactment of statutes (and administrative regulations) has upon tort liability in negligence. Courts may, of course, recognize common law causes of action where they conclude that a defendant owes a duty of due care to plaintiff; in such cases, the standard of conduct is that of a reasonably prudent person under the same or similar circumstances. If courts believe in given circumstances there should be a common law cause of action, and there also

---

[4] See note 2 *supra.*

[5] We also have held that an action *may not* be maintained by a third party for damages suffered as a result of violation of ORS 471.410(2), which provides that "no person other than a parent or guardian shall sell, give or make available any alcoholic liquor to any person under the age of 21 years * * *." *Wiener v. Gamma Phi, ATO Frat.,* 253 Or 632, 485 P2d 18 (1971). This was decided on the basis that the statute was not for the purpose of protecting third parties from drunken minors.

are criminal or regulatory statutes which delineate the defendant's conduct under such circumstances, courts may adopt the conduct required by the statutes as that which would be expected of a reasonably prudent person providing courts believe the statutorily required conduct to be appropriate for establishing civil liability. However, when the statutes are not enacted for the purpose of determining civil liability, there is no requirement that courts do so. When courts thus adopt the statutory standard for a cause of action that would be common law negligence, the violation of the statute is said to be negligence per se. The test previously set forth in this opinion from *Stachniewicz* is the one usually used by courts to determine whether the criterion of the statute should be substituted for that of the reasonably prudent person. Its most common application is seen in automobile accident cases. Courts have decided that operators of vehicles owe a duty of due care to others in the operation of their vehicles. The legislature has enacted a code governing operation of vehicles and courts have adopted these statutes as being the required conduct of a reasonably prudent vehicle operator for the purpose of determining civil liability, even though the statutes were not enacted for that purpose.

However, criminal or regulatory statutes are frequently enacted to cover situations in which no common law right of action has ever been established by courts.[6] One of the most usual situations concerns injuries incurred by a person who has been given and has used alcohol.[7] The statutes may have express

---

[6] The specially concurring opinion seems to infer that the discussion in this opinion is inappropriate concerning what courts do when prohibitory or regulatory statutes are violated in situations in which there is no underlying common law cause of action. This discussion was deemed necessary because there was no underlying common law cause of action for a person who is injured as the result of his or her consumption of alcohol purveyed by another and the statute prohibited defendant from purveying alcohol to such a person as plaintiff. Whether the claimed cause of action was based upon negligence (as this one was) or some other kind of action, the discussion was necessary for a reasoned decision.

[7] This statement may be inaccurate if applied to a young child.

provisions for a tort right of action. When such statutes exist, courts must, of course, comply. On the other hand, regulatory and criminal statutes most often contain no express provision for a right of action and, where courts have established no common law rights under the circumstances governed by the statutes, a different kind of problem is posed from the negligence per se situation. In such cases, courts attempt to determine legislative intent as to civil liability from whatever sources are available to them; and, if determinable, courts follow that intent. The most usual sources of information are the language of the statute itself including the title and preamble, as well as the legislative history. If these sources fail to disclose legislative intent, courts usually come to the conclusion that the problem was not contemplated by the legislature and that it had no specific intent. In such a state of affairs, courts must still make a decision and they then attempt to ascertain how the legislature would have dealt with the situation had it considered the problem. This is usually done by looking at the policy giving birth to the statute and determining whether a civil tort action is needed to carry out that policy. In this latter instance, if action is taken by the court establishing a cause of action, it is in furtherance of legislative purpose, but the modification of the law is judicial rather than legislative.[8] An example of consideration of prohibitory statutes which provided for no civil liability and where no common law cause of action existed was *Burnette v. Wahl,* 284 Or 705, 588 P2d 1105 (1978). In that case it was decided that the

---

[8] This case was brought in negigence. In a negligence action, the manner in which violation of a statute is treated is important only as it affects the manner in which the court goes about determining whether the statute should be used as a criterion for a civil recovery. It does not affect instructions to a jury, and a *Barnum v. Williams* (264 Or 71, 504 P2d 122 (1972)) instruction concerning justifiable violation of a statute is proper if justified by the circumstances. However, it should be recognized that a tort action based upon violation of a statute in some circumstances may be brought upon other than a negligence basis. Where such is the case, the instructions to which a defendant is entitled are dependent upon how the court construes the statute.

legislative policy was such that a cause of action by children against their mother for emotional damage caused by the mother's abandonment was inappropriate.[9]

In view of the above discussion, we believe it is inappropriate to use ORS 471.130(1) as a basis for civil liability by licensees to the underage minor. ORS 471.430 prohibits minors, under the circumstances here, from purchasing or acquiring alcoholic liquor[10] and provides a penalty for the violation (a fine). It would be inconsistent with apparent legislative policy to reward the violator with a cause of action based upon his or her conduct which the legislature has chosen to prohibit and penalize.[11]

This court has never previously recognized a common law cause of action in favor of a person who suffers injury resulting from his or her own consumption of alcohol. Nor have most other courts. Because it would be contrary to apparent legislative policy, we also consider it inappropriate to create a common law cause of action for physical injury to minors caused by their illegal purchase of alcoholic liquor.

The third specification of negligence also concerns the furnishing of liquor to Miller by the Alhadeffs. It alleges they are responsible because they made liquor available to Miller when she was visibly intoxicated. Despite our previous holding in *Campbell, supra,* that

---

[9] For a further and more detailed discussion of the entire subject, one should see the comments under Restatement (Second) of the Law of Torts § 874A.

[10] "(1)No person under the age of 21 years shall attempt to purchase, purchase or acquire alcoholic liquor. Except when such minor is in a private residence accompanied by his parent or guardian and with such parent's or guardian's consent, no person under the age of 21 years shall have in his possession alcoholic liquor.

"* * * * *."

[11] ORS 472.310(3) also also makes it unlawful for any person to serve, sell, or dispense alcoholic liquor to any person under the age of 21 years. However, subsection (8) thereof makes it unlawful for anyone under that age to purchase alcoholic liquor, and ORS 472.990 makes a violation subject to fine and imprisonment.

the proprietors of a bar could be liable at common law to third parties who were injured in an automobile accident resulting from the selling of alcoholic liquor to a customer who was visibly intoxicated, we believe it is inappropriate to create such a common law cause of action for the benefit of the intoxicated person because Oregon had at the time in question what was known as the "Dram Shop Act," ORS 30.730, which provided:

> "Any person who shall bargain, sell, exchange or give to any intoxicated person or habitual drunkard spiritous, vinous, malt or intoxicating liquors shall be liable for all damage resulting in whole or in part therefrom, in an action brought by the wife, husband, parent or child of such intoxicated person or habitual drunkard. The act of any agent or employe shall be deemed the act of his principal or employer for the purposes of this section."[12]

When the legislature has considered the liability to the inebriate's immediate family which should result from the giving of alcoholic liquor to him but has refrained from giving him a cause of action, we conclude it is probable it must have considered the matter and rejected any cause of action for him. We, therefore, consider a cause of action for his benefit inappropriate.[13]

The decision of the Court of Appeals is affirmed insofar as it sustained a cause of action based upon allegations two and four of third party plaintiff's last

---

[12] Repealed by Or Laws 1979, ch 801, § 4.

[13] In *Wiener v. Gamma Phi, ATA Frat.,* 258 Or 632, 638 n.2, 485 P2d 18 (1971), we said the dram shop statute did not prescribe the sole civil remedy against persons who furnish liquor to others because it provided a remedy for a very limited class of plaintiffs. We agree with this statement as it applied to the facts of that case in which the plaintiff was an unrelated third party who was injured by the intoxicated person. We do not believe the statement is applicable in a situation in which the intoxicated person himself is the claimant because of his close relationship to the named class. It would have been the natural thing to include him as a beneficiary of the statute with the rest of his immediate family had the legislature desired to do so.

amended complaint. It is reversed insofar as it sustained allegations one and three. The case is remanded to the trial court for further proceedings in conformance with this opinion.

HOWELL, J., concurs in the result.

**PETERSON, J.,** specially concurring.

I agree with the foregoing opinion with this caveat: The theory of recovery pleaded in this case was that the Alhadeffs were negligent in selling liquor to Miller and Kolibaba. Analysis of a potential civil tort action based upon some other theory is unnecessary to the result. I therefore question the necessity, in this negligence case, of discussing the application of a theory of recovery based upon Restatement (Second) of The Law of Torts § 874A, relative to the statements contained on pages 277-279 of the opinion discussing such potential civil tort action.