Argued and submitted December 12, 1986, affirmed June 24, reconsideration denied
August 21, petition for review denied September 15, 1987 (304 Or 149)

BEEMAN,
*Appellant,*

*v.*

GEBLER,
*Respondent.*

(8510-06664; CA A39301)

738 P2d 605

Henry Kane, Beaverton, argued the cause and filed the briefs for appellant.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Plaintiff appeals a judgment that dismissed his amended complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We affirm.

The complaint purports to allege three claims for relief, two for "negligence" and a third for "violation of due process." According to the complaint, defendant sued plaintiff for property damage arising out of an automobile accident. In September, 1983, defendant purported to serve plaintiff by personally delivering a copy of the summons and complaint to the Motor Vehicles Division (MVD) and mailing a copy to plaintiff at his most recent address as shown by MVD's records. ORCP 7D(4)(a). In fact, defendant did not mail the summons to plaintiff at that address. In November, 1983, defendant's attorney[1] moved for and obtained a default order and judgment against plaintiff.[2] The attorney stated in an affidavit that accompanied his motion that "due and diligent effort was made to personally serve defendant at the most recent address as shown by the records of [MVD]." Relying on that assertion, the court entered a default judgment against plaintiff. After receiving notice of the default judgment, MVD suspended plaintiff's driver's license. In October, 1984, plaintiff obtained an order that set aside the default judgment.

In his first claim, plaintiff alleges as damages the attorney fees and costs that he incurred in having the default judgment set aside and his loss of wages due to loss of an employment opportunity because MVD suspended his license. In his second claim he alleges that he suffered mental anguish "to his general damage in the amount of $10,000." The two negligence claims are only one claim. The second claim merely realleges the first and claims damages for mental anguish.

Plaintiff's theory of recovery rests on the proposition

---

[1] Defendant's attorney in this appeal was not defendant's attorney in the automobile accident case in which defendant was the plaintiff.

[2] Plaintiff also alleges that, in August, 1983, a process server that defendant's attorney hired filed an affidavit with the court declaring that he had made personal service of summons and complaint on plaintiff at his former residence. Plaintiff also alleges that defendant knew that the affidavit was false. The "Order of Default and Judgment," however, only recites that plaintiff was served by personal service on DMV on September 15, 1983, and had failed to answer. Accordingly, plaintiff's allegations regarding a false affidavit of August 8, 1983, are immaterial.

that defendant had a duty under ORCP 7 to serve him in accordance with that rule, that defendant's breach of that duty caused the court to enter the default judgment and that, as a result of the judgment, MVD suspended plaintiff's driver's license, causing harm to him.[3] Because he alleges that ORCP 7D(4) is the source of defendant's duty, plaintiff's claim appears to be based on either a statutory tort or a negligence *per se* theory — not on a theory of common-law negligence.

■■ Claims based on theories of statutory tort or negligence *per se* require both an initial determination that the statute or rule which is the source of the defendant's duty protects a class of persons of which the plaintiff is a member by proscribing or requiring certain conduct and that the harm that the defendant has inflicted is of the type against which the rule is intended to protect. *See Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 630 P2d 840 (1981); *Miller v. City of Portland,* 288 Or 271, 604 P2d 1261 (1980); *see also Note,* "A New Tort for Violation of a Statutory Duty: Nearing v. Weaver," 20 Will L Rev 579, 586 and n 58 (1984). ORCP 7, however, is simply not that type of government rule. It specifies the *manner* in which a party must serve the summons and complaint in order to obtain a valid judgment. It does not proscribe or require certain conduct, and it is not intended to protect persons such as plaintiff from harm. The court did not err in dismissing the first two claims.

The court also did not not err in dismissing plaintiff's claim for violation of due process. Even if there could be such a claim, plaintiff does not allege facts that show that there was any state action.

Affirmed.

---

[3] Plaintiff alleges in his first claim:

"ORCP 7 and the Due Process of Law clause of the Fourteenth Amendment to the Constitution of the United States require a plaintiff to make diligent effort to obtain the best possible service on a defendant before invoking the power of a court to issue an Order of Default and Judgment against a defendant,"

and that, in substance, defendant did not use due diligence in attempting to serve plaintiff. Plaintiff realleges this allegation in both his second and third claims.