Argued and submitted January 27, affirmed December 22, 1993, reconsideration denied February 16, petition for review allowed April 5, 1994 (318 Or 582)

Eric N. SMITH,
*Appellant,*

*v.*

Gerald R. HARMS
and Greg Harms,
*Defendants,*

*and*

Michael T. MANSFIELD
and Vicki J. Mansfield,
dba 7-Eleven Food Store, Number 2343-23999B,
7-Eleven Food Store, Inc., Number 2343-23999B,
and The Southland Corp.,
*Respondents.*

(C900989 CV; CA A74556)

865 P2d 486

Clayton H. Morrison argued the cause and filed the briefs for appellant.

Donald C. McClain argued the cause for respondents Michael T. Mansfield and Vicky J. Mansfield. With him on the brief was McClain & Rayburn.

Rex E. H. Armstrong argued the cause for respondent The Southland Corp. With him on the brief were Christopher L. Reive and Bogle & Gates.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In this personal injury action, plaintiff appeals from judgments entered pursuant to ORCP 67B in favor of Michael and Vicky Mansfield, dba 7-Eleven, and the Southland Corporation (defendants)[1] on their motions for summary judgment. We affirm.

Plaintiff, defendant Harms, Garcia and Aviasivdo all attended Tigard High School together and graduated in the spring of 1987. They had known each other since their sophomore year and started drinking alcohol and using other drugs during that year. They stayed in touch after graduation and often drank and used drugs together. On the evening of September 17, 1988, the four met at the home of Harms, whose parents were out of town. All were still under the age of 21. They drank beer and, when the beer was gone, decided to drop by a powder-puff football game at Tigard High School. Plaintiff testified that they collectively decided to buy beer after they left the game, and each contributed a few dollars. Because they were the biggest, plaintiff and Harms went into the 7-Eleven store on Hall Boulevard. Plaintiff was six feet, three inches tall and weighed 225 pounds.[2]

Plaintiff and Harms both went to the cooler and selected a short case of beer. Harms carried the beer to the counter, and plaintiff walked beside him. Plaintiff gave Harms the money that had been collected. Harms was not asked for identification and the beer was purchased. The group then returned to Harms' house where they each drank about three of the beers. When the beer was gone, Harms, Garcia and plaintiff drank one to three straight shots of liquor that belonged to Harms' father. Plaintiff left in a car driven by Garcia, who lost control and struck a parked car. Plaintiff was rendered a paraplegic from the injuries that he sustained in the accident.

---

[1] Defendant 7-Eleven Food Store, Inc., was never shown to exist, was not served and is not a party in the case.

[2] Plaintiff described the event in his deposition:

"The first thing was we get our money together. Then me and Greg, we go in, because we were the biggest and probably looked the oldest. And me and Greg went in. And if everything else failed and if they did card us, Greg did have the [fake] ID to flop down if he had to."

The gravamen of plaintiff's complaint was that defendants were negligent, or negligent *per se*, in selling alcohol to minors.[3] The trial court granted defendants' motions for summary judgment and dismissed plaintiff's claims on the ground that plaintiff had no cause of action because he either purchased or participated in the purchase of the alcohol alleged to be a substantial factor in the accident. Plaintiff appeals from that ruling.

Defendants frame the issue as whether plaintiff's participation in purchasing alcohol, in violation of state law, precludes his recovery for damages against the seller of the alcohol. They contend that the resolution of the question is controlled by *Miller v. City of Portland*, 288 Or 271, 604 P2d 1261 (1980). In that case, Miller was a passenger on a motorcycle operated by Kolibaba when it collided with a police car, injuring Miller. Miller sued the officer who drove the car and the city. The defendants filed a third-party complaint against the operators of the tavern who allegedly had served alcohol to Kolibaba and Miller, both of whom were minors. The defendants then settled with Miller and sought contribution from the tavern operators. The trial court dismissed the defendants' third-party complaint for failure to state a claim.

---

[3] The complaint alleged, *inter alia*, that defendants violated their responsibilities under ORS 30.960 and ORS 471.130. ORS 30.960 provides:

"(1) Notwithstanding ORS 30.950 and 471.130, no licensee, permittee or social host shall be liable to third persons injured by or through persons not having reached 21 years of age who obtained alcoholic beverages from the licensee, permittee or social host unless it is demonstrated that a reasonable person would have determined that identification should have been requested or that the identification exhibited was altered or did not accurately describe the person to whom the alcoholic liquor was sold or served.

"(2) A person who is under 21 but at least 18 years of age who through misrepresentation of age causes an Oregon Liquor Control Commission licensee to be fined or have a license suspended or revoked shall be civilly liable for damages sustained by the licensee and for costs, disbursements and attorney fees at trial and on appeal."

ORS 471.130(1) provides:

"All licensees and permittees of the commission, before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of the person's having reached 21 years of age, shall require such person to produce the person's motor vehicle operator's license or if the license does not bear a photograph of the operator, then an identification card issued to the person under ORS 807.400. However, if the person has no motor vehicle operator's license or an identification card, the permittee or licensee shall require such person to make a written statement of age and furnish evidence of the person's true age and identity."

Because the action was one for contribution, the operators of the tavern could be held liable for contribution to defendants only if they would have been liable to Miller if she had brought an action against them. The Supreme Court held that she would have had a cause of action against the tavern operators on her allegations of negligence relating to making alcohol available to Kolibaba. It relied on its decision in *Campbell v. Carpenter*, 279 Or 237, 566 P2d 893 (1977), in which the court held that proprietors of a bar could be liable to third parties who were injured in an automobile accident that resulted from the sale of alcohol to a customer who was visibly intoxicated.

However, the court determined that Miller would not have had a direct cause of action against the operators. She had alleged negligence for selling her alcohol although she was underage and for selling alcohol to her, a visibly intoxicated person. The court analyzed those claims under common law negligence and negligence *per se* for violation of ORS 471.430. It concluded that an underage purchaser of alcohol could not recover damages against the seller under either theory:

> "[W]e believe it is inappropriate to use ORS 471.130(1) as a basis for civil liability by licensees to the underage minor. ORS 471.430 prohibits minors, under the circumstances here, from purchasing or acquiring alcoholic liquor and provides a penalty for the violation (a fine). It would be inconsistent with apparent legislative policy to reward the violator with a cause of action based upon his or her conduct which the legislature has chosen to prohibit and penalize.[4]
>
> "This court has never previously recognized a common law cause of action in favor of a person who suffers injury resulting from his or her own consumption of alcohol. Nor have most other courts. Because it would be contrary to

---

4 Although the Supreme Court addressed only ORS 471.130, ORS 30.960 also does not provide a basis for a claim of negligence *per se* against a seller of alcohol. *See* n 3, *supra*. ORS 30.960 does not impose liability on direct alcohol sellers to do anything; rather, it protects them against liability. It applies to third persons injured as a result of unlawful sale of alcohol to others, not to persons injured as a result of the unlawful sale of alcohol to themselves. ORS 30.960 limited the holding of *Davis v. Billy's Con-Teena, Inc.*, 284 Or 351, 587 P2d 75 (1978), in which the court held that ORS 471.130(1) included protection of third parties not involved in the sale of alcohol to minors and that violation of ORS 471.130(1) determined negligence as a matter of law.

apparent legislative policy, we also consider it inappropriate to create a common law cause of action for physical injury to minors caused by their illegal purchase of alcoholic liquor." *Miller v. City of Portland, supra*, 288 Or at 279. (Footnotes omitted.)

The Supreme Court's holding in *Miller* denies a cause of action to one who illegally purchases alcohol and sustains injuries because of that purchase. That rule applies to plaintiff here. Plaintiff argues, however, that *Miller* does not control, because the court specifically did not address the issue of whether, to recover for negligence, a plaintiff must be an innocent third party. In *Miller*, the court said:

"Defendants contend that plaintiff should not be allowed to recover because she participated with Kolibaba in his drinking and inebriation, and she is therefore not in the position of an innocent third party. The court is not in a position to address this question because the issue is not raised by the pleadings. The complaint alleges only that [Miller and Kolibaba] were both patrons of the tavern and that after both had been drinking beer, Kolibaba gave Miller a ride on his motorcycle. There are no allegations from which it must necessarily be concluded that they were partying together." 288 Or at 275.

Plaintiff argues that we should decide that the third party need not be innocent of wrongdoing, particularly if he or she is a minor, or, in the alternative, that the third party's complicity must be considered by the jury for purposes of contributory negligence. We reject both arguments. Plaintiff is not in the position of Miller. There were no facts before the *Miller* court that showed that, as to the serving of alcohol to Kolibaba, Miller was other than an innocent third party. However, as to her relationship with the sellers of the alcohol, she was not an innocent party and could bring no claim against them. Here, plaintiff admits that he, a minor, participated in the purchase of the alcohol that was a factor in his injuries. Under *Miller*, plaintiff has no cause of action against the sellers of that alcohol.

Plaintiff urges, however, that reasoning in cases from other jurisdictions demonstrates that he need not be an "innocent" third party in order to proceed against the sellers of alcohol and that there are significant policy considerations in support of his position. However, the cases on which

plaintiff relies do not reflect the law in Oregon, as articulated in *Miller*, which demonstrates both legislative and common law policies against awarding a cause of action to one who violates the alcohol laws.

Here, the basis of plaintiff's claims of negligence against defendants is their sale of alcohol to minors. Yet plaintiff was one of the minor purchasers of that alcohol. He violated Oregon law by purchasing the beer[5] that Garcia consumed and that allegedly led to his injuries. The court did not err in dismissing plaintiff's claims and entering judgment in favor of defendants.

Affirmed.

---

[5] ORS 472.310(8) makes it unlawful for a minor to purchase liquor. The purchase is a misdemeanor. ORS 472.990. ORS 161.155(2)(b) makes it a crime to aid or abet another in the planning or commission of a crime.