Argued February 20, decided March 17, 1914.

## ADAMS v. BROSIUS.*

(139 Pac. 729.)

**Damages—Elements of Compensation—Mental Suffering.**

1.  Mental suffering accompanying personal injuries or physical pain is always the subject of compensation, but the mental anguish should be connected with the bodily injury, and fairly and reasonably its natural consequence and damages for prospective mental anguish are not recoverable, being too speculative.

> [As to mental anguish as an element of damage, see notes in 7 Am. St. Rep. 534; 30 Am. St. Rep. 711.]

**Damages—Elements of Compensation—Mental Suffering.**

2.  The mental suffering of plaintiff due to the refusal of defendant to proceed to the house of plaintiff's wife and give her medical attention is not the proximate result of defendant's action, and affords no ground for the recovery of damages, in the absence of a showing that the wife's condition was rendered worse by the failure of medical attendance.

> [As to liability of physician for lack of diligence in attending patient, see note in Ann. Cas. 1912C, 831. As to proximate cause in cases involving negligence and other wrongful acts, see notes in 47 Am. Rep. 381; 50 Am. Rep. 569; 36 Am. St. Rep. 807.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

This is an action by Elmer Perry Adams against Dr. F. C. Brosius. There was a demurrer interposed challenging the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and being sustained, a judgment was rendered for the defendant, and plaintiff appeals.     AFFIRMED.

For appellant there was a brief over the names of *Mr. Isham N. Smith, Mr. John F. Logan* and *Mr. John H. Stevenson,* with an oral argument by *Mr. Smith.*

For respondent there was a brief over the names of *Mr. Charles J. Schnabel, Mr. J. B. Ofner* and *Mr. Newton C. Smith,* with an oral argument by *Mr. Schnabel.*

---

*On the right to recover for mental suffering on account of another's mental or physical suffering, see note in 19 L. R. A. (N. S.) 500.

REPORTER.

Department 2. MR. JUSTICE McNARY delivered the opinion of the court.

This is an action to recover from defendant a judgment of $50,000, for mental anguish claimed to have been suffered by plaintiff on account of an alleged breach of contract for professional services affecting the wife of plaintiff. As this appeal is from an order sustaining a demurrer to the complaint for insufficiency, we deem it politic to set out the complaint *in haec verba.*

"At and during all the periods of time named herein, the defendant, F. C. Brosius, was then and now is a physician and surgeon authorized and licensed to practice his profession within the State of Oregon, and was and is now engaged in the practice of his profession, and held himself out to be competent and faithful in his treatment of physical and bodily ailments and skillful in the administration of his profession and in waiting upon his patients. During all the times herein named and up to the death of Alida Lucinda Adams, the said Alida Lucinda Adams was the wife of this plaintiff, Elmer Perry Adams, and that the plaintiff and his wife resided at Parkdale, Oregon. That the defendant was engaged in the practice of his profession at Hood River, Oregon, and in and throughout the adjacent vicinity and adjoining country, and that Parkdale, Oregon, was embraced within the territory in and through which the said defendant practiced his profession, and the said Parkdale, Oregon, is distant from Hood River, Oregon, approximately 22 miles. About March 5, 1912, the above-named Alida Lucinda Adams met with a mishap or accident, in and by which a miscarriage was produced, and that at said time the said Alida Lucinda Adams was pregnant. Thereafter and on March 6, 1912, this plaintiff employed the defendant, F. C. Brosius, in his capacity as physician, to wait upon, attend, and care for his said wife, and on said day, at about the hour of 4 o'clock P. M., the said

defendant entered into and accepted the employment as physician aforesaid.

"By virtue of his employment it was necessary for said defendant to travel from Hood River, Oregon, to Parkdale, Oregon, and the said defendant entered upon the journey, traveled 16 miles by 8 o'clock P. M. of March 6, 1912, and thereupon failed, neglected and refused further to pursue his journey on said day. At said time the said defendant was made acquainted with the condition of the said Alida Lucinda Adams and of the necessity for prompt and immediate medical attention to be administered to her, and with such knowledge willfully, negligently, and recklessly, in disregard of his duty as physician, failed, neglected, and refused further to pursue his journey on said night. That at the times the said defendant so failed, neglected, and refused to continue his journey to the home of this plaintiff, the said defendant was within one to two hours' travel thereof. That such failure, refusal, and neglect of the said defendant to so pursue his journey and discharge the contract with this plaintiff was without cause, reason, or provocation. After the defendant entered in the employ of the plaintiff, the plaintiff, relying thereon, failed to employ any other or further medical attendant or provide any other or different medical assistance than that upon which this plaintiff relied should be furnished by the defendant, F. C. Brosius, until the period of time, hereafter stated when the plaintiff was informed that the defendant refused further to pursue his journey and discharge his duty as physician. About 9 o'clock P. M. of March 6, 1912, this plaintiff was informed that the said defendant, F. C. Brosius, had discontinued his journey and had refused further to pursue his journey that night, and thereupon this plaintiff endeavored to procure the attendance of another physician to wait upon his wife, and that by reason of the lateness of the hour and the remoteness of the residence of this plaintiff and the difficulty of telephonic or other communication at such late hour of night, that this plaintiff was unable to procure any other physician or any additional or other

medical help or attendance until about the hour of 2 o'clock A. M. of March 7, 1912, at which time the plaintiff succeeded in procuring another and different medical attendant and physician, to wit, Dr. Kanaga of Hood River, Oregon, who thereupon started from Hood River to Parkdale and arrived there at 6 o'clock A. M. of March 7, 1912. At the time of so procuring such other physician, the above-named Alida Lucinda Adams was then in a sinking condition, and, by reason of the extremely dangerous character of her affliction, medical attendance was then ineffectual, and the said Alida Lucinda Adams gradually sank to her death. In and by reason of the negligence, carelessness, and recklessness of the above-named defendant, F. C. Brosius, as above set forth, plaintiff has been caused to suffer, now suffers, and will hereafter suffer grievous mental, physical, and nervous pain and anguish. The matters and things herein complained of were not occasioned through any fault or neglect on the part of this plaintiff, but have been caused solely through the recklessness, negligence, and carelessness of the said defendant. In and by the matters and things herein alleged and set forth, this plaintiff has been injured to his damage in the sum of $50,000.''

It is noticeable that the complaint is not based upon the claim that defendant's breach of contract was responsible for, or in any wise contributed to, the physical injury of plaintiff's wife; nor that the observance of the contract of employment on the part of defendant would have ameliorated the sufferings of the wife, nor have prolonged her life. Likewise there is no charge made that defendant's presence at the bedside of plaintiff's wife would have prevented or even delayed her death.

The pleading proceeds upon the theory that defendant's nonobservance of the contract caused plaintiff to suffer grievous mental and physical pain and anguish.

1. The doctrine that mental suffering accompanying personal injury or physical pain is always the subject of compensation is so firmly implanted in the jurisprudence of the several states of the Union as to become a legal maxim. In most cases, however, the mental anguish should be connected with the bodily injury and be fairly and reasonably the natural consequence that flows from it, and damages for prospective mental anguish are not recoverable as being too speculative: 13 Cyc. 41; *Maynard* v. *Oregon Co.,* 46 Or. 15 (78 Pac. 983, 68 L. R. A. 477). ·

With much conviction, counsel for plaintiff press upon our consideration the case of *Larson* v. *Chase,* 47 Minn. 310 (50 N. W. 239, 28 Am. St. Rep. 370, 14 L. R. A. 85), wherein that distinguished jurist, Mr. Justice MITCHELL, said:

"It is also elementary that, while the law as a general rule only gives compensation for actual injury, yet, whenever the breach of a contract or the invasion of a legal right is established, the law infers some damage, and, if no evidence is given of any particular amount of loss, it declares the right by awarding nominal damages. * * Where the wrongful act constitutes an infringement on a legal right, mental suffering may be recovered for, if it is the direct proximate, and natural result of the wrongful act."

2. Giving way to the correctness of the doctrine, the naked fact remains that plaintiff's declaration does not contain matters coming within the sweep of this principle, for plaintiff's mental suffering was not the direct, proximate and natural result of defendant's nonobservance of the contract. On the contrary, it was but a sympathetic reflection of his wife's anguish and distress superinduced by his natural devotion and sympathy for her. The direct and proximate result of the breach of the contract was the suffering and mental anguish of the wife, and the physical in-

jury which she may have sustained by reason of the omission of the contractual duties upon the part of defendant.

Distressing as the situation must have been to plaintiff, it is impossible to see upon what rule of law he can claim damages for injury to his feelings. His mental anguish could only be from alarm and sympathy for his wife's sufferings; she was the direct sufferer which caused him anxiety and concern. We think the sympathetic mental sufferings of plaintiff on account of the suffering and pain of the wife, caused by defendant's failure to observe his professional contract, are too remote and consequential to be actionable. Indeed, it is the person who suffers the injuries proximately resulting from the wrong done, and such person alone, who is entitled to compensation, except in cases where death results and the cause of action is made to survive to relatives, or personal representatives by virtue of the statute. Had death not claimed her for its victim, plaintiff's wife possibly could have maintained an action against defendant for the mental anguish and physical pain, if any, which she sustained as a result of the broken contract, but for plaintiff no action is maintainable for purely mental distress: *Western Union Tel. Co.* v. *Stratemeier,* 6 Ind. App. 125 (32 N. E. 871); *Long* v. *Morrison,* 14 Ind. 595, 596 (77 Am. Dec. 72); *Black* v. *Carrollton,* 10 La. Ann. 33 (63 Am. Dec. 586); *Wyman* v. *Leavitt,* 71 Me. 227 (36 Am. Rep. 303); *Whitney* v. *Hitchcock,* 4 Denio (N. Y.), 461, 463; *Cowden* v. *Wright,* 24 Wend. (N. Y.) 429, 430 (35 Am. Dec. 633); *Penna. Ry. Co.* v. *Kelly,* 31 Pa. 372, 379; *Oakland Ry. Co.* v. *Fielding,* 48 Pa. 320, 327; *Western Union Tel. Co.* v. *Cooper,* 71 Tex. 507, 512 (9 S. W. 598, 10 Am. St. Rep. 772, 1 L. R. A. 728); *Pullman Palace Car Co.* v. *Trimble,* 8 Tex. Civ. App. 335, 337 (28 S. W. 96).

Possessing these views, we are forced to affirm the judgment of the Circuit Court.          AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.