Argued February 7, reargued May 4, reversed and remanded
August 23, 1967

TOLLEFSON et ux, *Appellants, v.* PRICE et al,
*Respondents.*

430 P. 2d 990

*Dan W. Poling,* Newport, argued the cause for appellants. With him on the brief was James H. Lewelling, Newport.

*Sidney A. Milligan,* Eugene, argued the cause for respondents. With him on the brief was Gordon L. Macpherson, Toledo.

Before PERRY, Chief Justice, and McALLISTER,

Sloan, O'Connell, Goodwin, Denecke and Fort, Justices.

FORT, J. (Pro Tempore).

Plaintiffs filed a complaint in two counts, each charging an invasion of privacy arising out of the publication of a notice by the defendants respecting money alleged to be due from Mrs. Tollefson. A demurrer to the complaint based on the absence of facts sufficient to state a cause of action was sustained. When the plaintiffs declined to plead further, judgment was rendered against them. They appeal.

Plaintiff husband claims to have suffered embarrassment and humiliation because of the publications respecting his wife. For the purpose of the demurrer, if either plaintiff states a cause of action it must be overruled.

The defendant published in the "Farmers Feed and Seed Store" a document stating in part:

"FOR SALE!

"The following Judgments, Claims, Notes and Accounts are offered * * * for sale to the highest bidder. The right is reserved to reject in full, or in part, any offer:

"NAMES   ADDRESSES   AMOUNT

[Names of 28 persons including "Mrs. Roger Tollefson"]

"The above listed Judgments, Claims, Notes and Accounts are guaranteed by the owner to be just, correct and undisputed."

It then alleges this notice was published "unlawfully and maliciously * * * without right or legal authority," "that the claim or account against plain-

tiff * * * is disputed" and that "the defendants * * * well knew that said claim or account was and is disputed by plaintiffs."

After alleging "humiliation," "exposure to public contempt and ridicule," it further alleges that the "acts of the defendants * * * in placing and publishing said notice or sign * * * were wilful and intentional and committed for the purpose of harrassing [sic], vexing and annoying the plaintiff's mentally, and that said acts * * * were so reckless, wanton, irresponsible, wilful and malicious that defendants * * * should be punished by assessment against them * * * of exemplary damages * * *."

A second cause of action is then alleged because of the publication of the above document as an advertisement in the local paper. The complaint also alleges that one of the defendants, Elmer R. Price, is the sole owner of the newspaper and with his wife is the owner of the aforementioned feed and seed store.

The defendants' demurrer admits the allegations and every reasonable intendment to be drawn therefrom.

In *Hinish v. Meier & Frank Co.*, 166 Or 482, 113 P2d 438, 138 ALR 1 (1941), this court stated at page 506:

> "* * * [I]t is well settled that where the wrongful act constitutes an infringement of a legal right, mental suffering may be recovered for, if it is the direct, proximate and natural result of the wrongful act. [Citations omitted.] Violation of the right of privacy is a wrong of that character."

Dean Wade in his carefully considered article, Defamation and the Right of Privacy, 15 Vand L Rev

1093, points out that the tort of invasion of the right of privacy is, like assault and defamation, in reality "a part of the larger tort of intentional infliction of mental suffering." He states further at page 1120:

"Privacy is now fully established as a legally protected right in the United States. Of the four recognized types of invasion of the right of privacy, the two which are most closely analogous to the right of reputation, as protected by the law of defamation, are 'public disclosure of embarrassing private facts about the plaintiff' and 'publicity which places the plaintiff in a false light in the public eye.' These two differ only in that the first involves a true statement and the other a false statement. The hurt to the plaintiff's feelings, the damage to his sensibilities, is essentially the same in both cases &ast; &ast; &ast;."[1]

Prosser, Torts § 112 at 835 (3d ed, 1964), states as a part of his discussion concerning the public disclosure of private facts as constituting an invasion of the right of privacy:

"&ast; &ast; &ast; It is an invasion of his rights to publish in a newspaper that the plaintiff does not pay his debts, or to post a notice to that effect in a window on the public street, or to cry it aloud in the highway &ast; &ast; &ast;."[2]

He points out that "The facts disclosed to the public must be private facts, and not public ones" and that "the matter made public must be one which would be offensive and objectionable to a reasonable man of ordinary sensibilities."

He states that the elements necessary to establish an invasion of the right of privacy of the kind here

---

[1] See also: Restatement of Torts § 867 (1962).

[2] See also: 14 Am Jur 947, Privacy § 30; 14 ALR2d 770-1; 77 CJS 399, Right of Privacy § 2.

involved are first that the disclosure of the private facts must be a public disclosure—that is that there must be publicity, and, second, the disclosure must be in the form of publicity of a highly objectionable kind. To constitute such a disclosure it must be public in the sense of communication either to the public generally or to a large number of persons as distinguished from one individual or a few.[⊛]

Whether or not the conduct of the defendants in publishing the notices alleged in the complaint was consistent with what a reasonable man would have done under the same or similar circumstances, is a question of fact to be determined from the evidence in the light of the interest of the plaintiffs to be protected from an invasion of privacy on the one hand, and the legitimate interest of the creditor in seeking the collection of a debt on the other.

The rules regarding pleading in actions for the invasion of right of privacy can be found in 16 Am Jur Pleading and Practice Forms, Privacy at 102. See also 77 CJS 415, Right of Privacy § 7b.

Dean Wade in the article above referred to states at page 1116:

> "There is no reason to believe that the very technical rules of pleading in defamation will be imported into the law of privacy."

ORS 16.120 commands that a liberal construction be placed upon pleadings.

Here, the published notice states the owner guarantees the amount to be undisputed. The complaint, reasonably construed, states this to be false and that de-

---

[⊛] 77 CJS 414, Right of Privacy § 7 (2 Cum Supp 1967).

fendants with that knowledge published the notice for the express purpose of "humiliating, harrassing [sic], vexing and annoying the plaintiffs" without their consent. We think this complaint meets the requisite tests. It includes allegations sufficient to raise the questions of malice, wilfulness, reasonableness of the conduct, and good faith.[9] It also raises the issue of falsity with respect to the matter of the disputed nature of the claim. Finally, it sufficiently alleges under the above authorities that the plaintiffs did not authorize or consent thereto.

We hold that the pleadings, reasonably construed, state a cause of action. It follows that the judgment must be reversed.

Reversed and remanded.

DENECKE, J., specially concurring.

I am of the opinion that there should be no cause of action against one who publicizes a debt in the hope that publicity or the fear of publicity will secure collection. If the debt is not owed, the traditional remedy of defamation is available to the defamed. *Hinkle v. Alexander,* 244 Or 267, 411 P2d 829, 417 P2d 586 (1966).

I concur in the decision, however, because the plaintiffs alleged that the defendants publicized the debt for the purpose of "harrassing, vexing and annoying the plaintiffs." Under this allegation the plaintiffs could prove a purpose other than or in addition to securing collection of the debt.

PERRY, C. J., and MCALLISTER, J., join in this concurring opinion.

---

[9] Santiesteban v. Goodyear Tire & Rubber Company, 306 F2d 9 (1962); Korn v. Rennison, 21 Conn Supp 400, 156 A2d 476 (1959).