Argued March 8, affirmed June 27, 1978

MELTON, *Appellant,*
*v.*
ALLEN, *Respondent.*

(No. 420-681, SC 25395)

580 P2d 1019

Ray G. Brown, Portland, argued the cause and filed briefs for appellant.

William R. Miller, Jr., Portland, argued the cause for respondent. With him on the brief was Jones, Lang, Klein, Wolf & Smith, Portland.

Before Denecke, Chief Justice, Tongue and Bryson, Justices, and Joseph, Justice Pro Tempore.

BRYSON, J.

## BRYSON, J.

Plaintiff brought this action against defendant, operator of a towing company, for trespass to her automobile. Defendant moved for summary judgment, which the trial court granted. Plaintiff appeals. Her sole assignment of error is that the trial court erred in granting the motion.

The complaint alleged:

"I.

"The defendant is an individual and operates a towing service under the assumed business name of Allen's Towing Service * * *.

"II

"On the 6th day of May, 1975, plaintiff was the owner of the following described motor vehicle:

1966 Chevelle Malibou Station Wagon
Oregon License Tag No.: M E L T O N
Registered Owner: Jeanette L. Melton

which she parked in the 4800 block on S. E. Division Street, Portland, Oregon.

"III.

"On the 6th day of May, 1975, without the authority, knowledge, or consent of plaintiff, the defendant took possession of said motor vehicle and towed it away to her general damage in the sum of $500.00.

"IV.

"Immediately prior to the seizure and towing of plaintiff's motor vehicle, defendant had received a request from the Portland Police Department to tow away a motor vehicle also parked in the 4800 block on S. E. Division Street, Portland, Oregon, described as follows:

1970 Hardtop Chevrolet, 4 Door Sedan
Oregon License Tag No.: EER-878
Registered Owner: Leonard W. and Wilma L.
   Beardsley

"V.

"In taking possession of and towing away the motor vehicle of plaintiff, defendant acted with a wanton and reckless disregard of the rights of plaintiff in these respects:

[ 733 ]

"A. He failed and neglected to check the year and model of plaintiff's motor vehicle against the vehicle he was requested to tow away by the Portland Police Department.

"B. He failed and neglected to check the license tag number of plaintiff's motor vehicle against that of the motor vehicle that he had been requested to tow away.

"C. He failed and neglected to check the ownership of plaintiff's motor vehicle against the ownership of the motor vehicle he had been requested to tow away.

"* * * * *." (and demanded punitive damages)

Defendant's motion for summary judgment is supported by plaintiff's statements in her deposition taken by defendant which, in part, is as follows:

"Q Exactly what was the damage on the car?
"A At the time that it was towed?
"Q Yes.
"A To my knowledge, nothing, because as I said, I never had it checked. I simply did not have time.
"Q Do you know if your car has been damaged in any way?
"A I have never had it checked. There wasn't any particular reason to.
"Q The $500 damage that you are claiming does not relate to the damage to the car, is that correct?
"A That's correct.
"Q The $500 damage alleged relates to what then?
"A To my suffering and humiliation and anxiety at the moment that it happened.
"Q Humiliation, anxiety, anything else?
"A Frustration, nervousness, with the strain that I was under at the time for one of the few times in my life I was almost hysterical. I just didn't need this type of a mistake."

In support of her contention that the trial court erred in granting summary judgment for defendant, plaintiff argues that "in every trespass case, plaintiff is entitled to at least nominal damages" and "where a basis of liability exists, recovery may be had for mental suffering."

The defendant contends that "plaintiff's complaint was not predicated upon the allowance of nominal damages" and "no recovery can be had for trespass to chattels unless some actual damage is caused." Defendant further relies on the general statement in Prosser, Law of Torts 328, § 54 (4th ed 1971):

> "Where the defendant's negligence causes only mental disturbance, without accompanying physical injury or physical consequences, or any other independent basis for tort liability, there is still general agreement that in the ordinary case there can be no recovery. * * *"

As revealed by the trial court file, this case came before the trial judge on plaintiff's fourth complaint. It is apparent from the pleadings that plaintiff was not demanding nominal damages. It is also clear from the plaintiff's deposition, relied on by defendant to support his motion for summary judgment, that plaintiff was not demanding $500 for damages to her automobile. Plaintiff stated that the damages prayed for were for her "suffering and humiliation and anxiety."

This was the record before the trial judge at the time he entered summary judgment in favor of the defendant. Plaintiff filed no opposing affidavits to defendant's motion for summary judgment that would support her position now urged before this court.[1]

In the recent case of *Gleason v. International Multifoods Corp.,* 282 Or 253, 258, 577 P2d 931 (1978), we stated:

> "Because of plaintiffs' failure to either submit affidavits opposing the affidavits supporting defendant's motion for summary judgment or to show why they were unable to do so, the trial court did not err in allowing defendants' motion for summary judgment unless a

---

[1] ORS 18.105(4) provides:

"* * * When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

summary judgment would not have been 'appropriate' within the meaining of ORS 18.105(4), *even under the facts as stated* in defendants' affidavits." (Emphasis added.)

Notwithstanding the above, plaintiff now contends that *even under the facts as stated* in plaintiff's deposition, submitted in support of defendant's motion for summary judgment, she is entitled to go to trial to recover "for mental suffering and anguish unaccompanied by physical injury or loss of property."[2]

It is true that this court has departed from the rigid rule of no redress for damages for mental disturbance without accompanying physical injury or physical consequences, as stated in *Adams v. Brosius,* 69 Or 513, 139 P 729 (1914), and *Rostad v. Portland Ry. Etc. Co.,* 101 Or 569, 581, 201 P 184 (1921).[3] But in each instance in which we have allowed redress for mental disturbance without accompanying physical injury, it has been a case involving intentional acts of a flagrant character under most unusual facts and circumstances which added to the weight of the plaintiff's claim, and each was clearly a serious invasion of the plaintiff's right and not feigned. See Prosser, Law of Torts 56-59, § 12 (4th ed 1971). The cases in which we have so departed have been those of outrageous conduct, invasion of the right of privacy, or some special circumstances of considerable magnitude.[4]

The record before the trial court shows that none of these unusual or special circumstances were present, and the court did not err in granting defendant's motion for summary judgment.

Affirmed.

---

[2] "We discern no essential difference between this negligence case involving summary judgment for a defendant and that in which a defendant is granted a judgment of involuntary nonsuit when plaintiff has rested upon trial. * * *" *Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978).

[3] *See Hinish v. Meier & Frank Co.,* 166 Or 482, 506, 113 P2d 438, 138 ALR 1 (1941); *Hovis v. City of Burns,* 243 Or 607, 612, 415 P2d 29 (1966);

*Tollefson v. Price,* 247 Or 398, 400, 430 P2d 990 (1967); *Rockhill v. Pollard,* 259 Or 54, 485 P2d 28 (1971); *Macca v. Gen. Telephone Co. of N. W.,* 262 Or 414, 495 P2d 1193 (1972); *Fredeen v. Stride,* 269 Or 369, 372-73, 525 P2d 166 (1974); *McEvoy v. Helickson,* 277 Or 781, 788 562 P2d 540 (1977); *Turman v. Central Billing Bureau,* 279 Or 443, 568 P2d 1382 (1977).

[4]For general discussion of "The Interest in Freedom From Emotional Distress," see Restatement (Second) of Torts § 46, and the Illustrations and Comments thereto.