Argued and submitted July 25, 1984, affirmed in part, reversed in part and remanded October 2, appellant's reconsideration denied November 8, respondents' reconsideration denied November 22, 1985, both petitions for review denied February 11, 1986
(300 Or 545)

# HILT,
*Appellant,*

*v.*

# BERNSTEIN et al,
*Respondents.*

(A8304 02699; CA A29842)

707 P2d 88

Robert A. Sacks, Portland, argued the cause for appellant. With him on the briefs was Jolles, Sokol & Bernstein, P.C., Portland.

Gerald R. Pullen, Portland, argued the cause and submitted the brief for respondent James E. Bernstein.

G. Kenneth Shiroishi, Portland, argued the cause for respondent Mark E. Pengilly. With him on the brief were Mary Chaffin, Joan O'Neill and Black, Tremaine, Higgins, Lankton & Krieger, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

This is a malpractice action against two attorneys. Plaintiff's amended complaint contained allegations of negligence and breach of fiduciary duty against Bernstein and allegations of negligence against Pengilly. The trial court dismissed the complaint on the attorneys' respective motions to dismiss for failure to state ultimate facts sufficient to state a claim, ORCP 21A(8), and plaintiff declined to plead further. She appeals from the subsequent judgments entered in favor of defendants. We reverse in part and remand the action against Bernstein; we affirm the dismissal of the action against Pengilly.

We summarize the facts from plaintiff's amended complaint and attached exhibits. Plaintiff and her then husband employed Bernstein in 1979 in regard to the dissolution of their marriage. In connection with the dissolution, Bernstein prepared several documents, including a property settlement agreement. The agreement provided that the parties' house was to be refinanced to obtain funds to remodel it, and after remodeling the house was to be sold and the net proceeds divided equally between the parties. The provisions of that agreement were included in the parties' dissolution decree. Bernstein also prepared and advised plaintiff to sign a power of attorney which gave her husband the power to borrow money, using the house as collateral, and to obligate plaintiff on that loan. Plaintiff's husband used the power of attorney to borrow money, ostensibly to remodel the house, but converted the funds to his own use. The lender foreclosed, and plaintiff lost her equity in the house.

In April, 1981, plaintiff employed Pengilly as her attorney to defend the foreclosure action. She authorized him to pursue all avenues of recovery. On April 28, 1981, Pengilly advised her that she had a claim against Bernstein for malpractice, but he did not institute an action.

We first consider plaintiff's claim against Bernstein. She commenced that action on April 28, 1983, with a complaint that alleged, *inter alia:*

"II.

"In 1979 Plaintiff and her husband employed Defendant Bernstein as their lawyer to represent them in regard to a

dissolution of their marriage. Bernstein prepared a property settlement agreement and decree which are attached as exhibits A and B.

"III.

"Defendant Bernstein was negligent in the representation of Plaintiff and his negligence directly resulted in injury to the Plaintiff.

"IV.

"Defendant Bernstein was negligent in the following particulars:

"1.)    Failed to advise the Plaintiff of the potential for a conflict of interest in his representation of both Plaintiff and her husband, expecially in light of his earlier representation of the husband's business.

"2.)    Failed to advise Plaintiff to seek independent counsel when he knew or should have known that her interests and those of her husband were in conflict and that he could not fairly represent both parties.

"3.)    Prepared a power of attorney for Plaintiff's signature in favor of her husband and advised Plaintiff to sign it when that power of attorney gave Plaintiff no protection from her husband squandering her assets, and gave her husband control over the one significant mutual asset, the family home.

"4.)    Failed to register the parties' divorce decree in Multnomah County where the marital home was located.

"5.)    Failed to place a value on Plaintiff's interest in the home in the property settlement.

"V.

"After Plaintiff signed and delivered the power of attorney prepared by Bernstein, Plaintiff's husband borrowed funds for remodeling the family home, converted the funds to his own use and allowed the home to go into default. The home was eventually foreclosed upon and Plaintiff lost her equity.

"* * * * *

"VII.

"As a direct result of the negligence of Bernstein Plaintiff was damaged as follows:

"  1.)    In the amount of $25,000.00 general damages in

that she was inconvenienced and made nervous and emotionally upset by the loss of her home and the legal actions she was required to become involved in.

"2.) The sum of $15,000.00 which represents her lost equity in the family home.

"3.) The sum of _____ which is the amount of attorney fees and other moneys expended by Plaintiff in her effort to redeem the home."

Bernstein moved to dismiss the complaint for failure to state a claim and, alternatively, moved to strike the allegations of damages for mental suffering. The trial court allowed the motion to dismiss, agreeing with Bernstein that "it was unforeseeable as a matter of law that plaintiff's former husband would steal or convert the funds referred to in Para V of plaintiff's complaint." It also ordered "that defendant's motion to strike Para VII subpara 1, is allowed, on the grounds that damages for emotional upset are not recoverable as a matter of law in the complaint for legal malpractice."

Plaintiff then filed an amended complaint alleging negligence and breach of fiduciary duty in separate counts. The allegations of the negligence count included:

"II.

"In 1979 Plaintiff and her husband employed Defendant Bernstein as their lawyer to represent them in regard to a dissolution of their marriage. In connection therewith Bernstein prepared several documents including a Property Settlement Agreement and Decree and a Special Power of Attorney, attached hereto as Exhibits A, B, and C. Bernstein advised Plaintiff to sign the Property Settlement Agreement and the Power of Attorney. Among other things, the Power of Attorney gave Plaintiff's husband the power to borrow money using the family home as collateral and to obligate Plaintiff on said loan. At the time Bernstein advised Plaintiff to execute the Power of Attorney, he knew or should have known that Plaintiff's husband's business was in financial distress, that the husband needed money to live on and that because of these and other factors there was a substantial risk that the husband would convert any funds obtained by the Power of Attorney to his own use.

"III.

"Defendant Bernstein was negligent in the representation of Plaintiff and his negligence directly resulted in injury to the Plaintiff.

"IV.

"Defendant Bernstein was negligent in the following particulars:

"1)  Failed to advise the Plaintiff of the potential for a conflict of interest in his representation of both Plaintiff and her husband, especially in light of his earlier representation of the husband's business.

"2)  Failed to advise Plaintiff to seek independent counsel when he knew or should have known that her interests and those of her husband were in conflict and that he could not fairly represent both parties.

"3)  Accepted employment representing both Plaintiff and her husband, and continued that employment, when he knew or should have known that his independent professional judgment was, or was likely to be, adversely affected by the dual representation.

"4)  Prepared a Power of Attorney for Plaintiff's signature in favor of her husband and advised Plaintiff to sign it when that Power of Attorney gave Plaintiff no protection from her husband squandering the parties's assets, and gave her husband control over the one significant mutual asset, the family home, when he knew or should have known of the substantial risk that the husband would convert any funds received to his own use.

"5)  Failed to register the parties' divorce decree in Multnomah County where the marital home was located.

"6)  Failed to place a value on Plaintiff's interest in the home in the property settlement.

"V.

"After Plaintiff signed and delivered the Power of Attorney prepared by Bernstein, Plaintiff's husband used the Power of Attorney to borrow funds for remodeling the family home, converted the funds to his own use and allowed the home to go into default. The home was eventually foreclosed upon and Plaintiff lost her equity."

Under the breach of fiduciary duty count, plaintiff repeated the allegations in paragraph IV, subparagraphs 1 and 2, of the negligence count and also that Bernstein

"3)  [v]iolated the Attorney's Code of Professional Responsibility Disciplinary Rule Number DR 5-105 in the following particulars:

"a)  Accepted employment representing both

Plaintiff and her husband when he knew or should have known that the exercise of his independent professional judgment was or was likely to be adversely affected by the dual representation.

"b) Continued the representation described in part 3(a) above when it became obvious that his independent professional judgment was or was likely to be adversely affected by the dual representation."

The damages claimed in the amended complaint for both the negligence count and the breach of fiduciary duty count were identical to those alleged in the original negligence complaint and included damages for inconvenience and emotional upset.

Bernstein moved to dismiss the amended complaint on the ground that it failed to state a cause of action for either negligence or breach of fiduciary duty, arguing in substance that the trial court had already ruled that the husband's tortious or criminal conduct was not forseeable as a matter of law, that the breach of fiduciary duty claim without allegations of causation added nothing and that allegations of unethical conduct do not constitute allegations of negligence. He also moved to strike the allegations of damages for emotional upset, arguing that the trial court had already ruled that such damages were not recoverable. The trial court allowed the motion to dismiss the amended complaint and, because plaintiff declined to plead further, entered judgment for Bernstein.

Plaintiff assigns error to the dismissal of her amended complaint for failure to state a claim. ORCP 21A(8).[1] She contends that the complaint states a cause of

---

[1] Plaintiff states the assignment: "The Trial Court erred when it dismissed plaintiff's complaint and held that it was unforeseeable as a matter of law that plaintiff's former husband would convert funds to his own use." As the basis for that assignment, plaintiff sets out the trial court's intermediate order, which dismissed her original negligence complaint on the precise ground that "it was unforeseeable as a matter of law that plaintiff's former husband would convert the funds referred to in * * * plaintiff's complaint," and also the court's final judgment against her, which dismissed her amended complaint without stated grounds. Because the trial court did not state specific reasons for the dismissal of the amended complaint, it is not clear whether plaintiff's assignment of error is limited to the dismissal of her original negligence complaint or includes the dismissal of her amended complaint. Although this court is not required to consider an assignment of error that is not clearly stated, ORAP 7.19, because the parties treat the assignment as referring to the amended complaint, we do the same.

action in negligence, both in the allegations relating to the power of attorney given to her husband and in the allegations of violations of ethical rules concerning dual representation. We consider those contentions separately. Because we are considering a Rule 21A(8) dismissal, we take as true the allegations of the complaint and any facts that might conceivably be adduced as proof of those allegations. *Brennan v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979); *Mezyk v. National Repossessions,* 241 Or 333, 336, 405 P2d 840 (1965).

We first address the allegations of violations of ethical rules. Those allegations, stated in subparagraphs one through three of paragraph IV of the amended complaint, are predicated on the Code of Professional Responsibility, Disciplinary Rule 5-105(A), (B) and (C):

"(A)   A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).

"(B)   A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

"(C)   In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

Citing *Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 330-32, 630 P2d 840 (1981), Bernstein argues that those allegations do not state a cause of action, because an attorney's violation of a statutory duty or the Code of Professional Responsibility cannot give rise to a private cause of action for damages. We do not decide whether Bernstein has accurately interpreted the holding of that case, because plaintiff disclaims reliance on the code as the basis for an independent claim. Plaintiff argues instead that hers is a common law negligence claim and that, although proof of a violation of the code may not conclusively establish liability, the allegation of a code vio-

lation states a cause of action for common law negligence as a matter of law.

■ ■　To constitute negligence as a matter of law, a violation must be of a statute or regulation designed to prevent a certain kind of harm to a certain kind of person. *Stachniewicz v. Mar-Cam Corporation,* 259 Or 583, 586, 488 P2d 436 (1971), *overrules on other grounds, Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 356 n 4, 587 P2d 75 (1978); *see also Miller v. City of Portland,* 288 Or 271, 604 P2d 1261 (1980). Applying that test to the Code of Professional Responsibility, we conclude that a violation of the Disciplinary Rules should not constitute negligence as a matter of law in a civil action for damages against the violator. The code is designed to maintain the integrity of the legal profession. Its purpose is to regulate and discipline lawyers, protecting their clients as an indirect result. We conclude that the allegations premised on violations of Disciplinary Rule 5-105 are not sufficient to state a claim in negligence.

■　We turn then to consider whether the allegations relating to the power of attorney are sufficient to state a claim. In negligence, a plaintiff must allege a duty of due care owed by the defendant, a breach of that duty, causation and damages. *Brennen v. City of Eugene, supra; Harding v. Bell,* 265 Or 202, 508 P2d 216 (1973). Plaintiff's allegation that Bernstein undertook to represent her in a dissolution action are sufficient to imply a duty to protect her property interests involved in that proceeding. The allegations that Bernstein prepared and advised plaintiff to sign a power of attorney giving her husband control over the principal marital asset is sufficient to allege a breach of that duty. In order for defendant to be subject to liability for negligence, however, the harm caused by the breach of duty must be foreseeable. That issue is pivotal in this case.

■　When the question is one of foreseeability, the inquiry is whether the plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable person, making an inventory of the possibilities of harm which the conduct might produce, would not have reasonably expected the injury to occur. *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 609, 469 P2d 783 (1970). Bernstein's argument to the trial court and in his brief on appeal focuses on the allegation that "[a]fter Plaintiff signed

and delivered the Power of Attorney prepared by Bernstein, Plaintiff's husband used the Power of Attorney to borrow funds for remodeling the family home, *converted the funds to his own use* and allowed the home to go into default." (Emphasis supplied.) The thrust of Bernstein's argument is that plaintiff's injury was the direct result of the husband's superseding intentionally tortious or criminal conduct and unforeseeable by him as a matter of law. We disagree.

■ As a general rule, an individual is not negligent for failure to foresee that his conduct may involve harm to another through the intentionally tortious or criminal act of another, *Christensen v. Epley,* 36 Or App 535, 542, 585 P2d 416 (1978), *rev'd in part on other grounds* 287 Or 539, 601 P2d 1216 (1979), but that rule is not without exceptions. The principle is stated in *Restatement (Second) Torts* § 448 (1965):

> "The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.*" (Emphasis supplied.)

Although it did not cite the *Restatement,* the court applied that principle in *McEvoy v. Helikson,* 277 Or 781, 562 P2d 540 (1977), an action against an attorney for malpractice and negligence. The trial court had ordered the attorney to keep his client's passport until the child of the client and the plaintiff was in the plaintiff's custody. The attorney was charged with negligence in returning the passport to the client, thereby allowing her to flee the country with the child. The attorney contended that the allegation that his negligent conduct "was the proximate cause of the damage and injury to the plaintiff" was insufficient, "because it [appeared] from the face of the complaint that the 'admittedly illegal violation of the court's order by defendant's client' was 'unforeseeable' and 'intervening' and was the cause of plaintiff's alleged damages." The court reversed the trial court, which had sustained defendant's demurrer, stating that "the finder of facts could also find that this danger [of taking the child] was one which defendant had reason to anticipate, with the result

that it would not be such an intervening cause as to relieve defendant from liability."

■. That principle is applicable here. Plaintiff alleged that Bernstein was representing her in a dissolution action, that he knew or should have known that her husband was in financial distress and needed money to live on and that Bernstein prepared and advised her to sign a power of attorney giving the husband control over the parties' principal marital asset. From those facts the jury could find that Bernstein had reason to anticipate that, considering the parties' divergent interests in the division of property, the husband, when given control over the major asset, might avail himself of the opportunity to convert to his own use funds acquired through encumbering that asset. We hold that a jury could find that plaintiff's injuries and the manner of their occurrence were reasonably foreseeable. *Stewart v. Jefferson Plywood Co, supra.* Plaintiff's complaint was sufficient to state a cause of action in negligence.

Plaintiff offers no argument that the complaint should not have been dismissed because it stated a claim under the breach of fiduciary duty count and cites no relevant cases; we presume that the count has been waived or abandoned. *See Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 94, 592 P2d 1014 (1979).

We turn to plaintiff's second assignment of error. She contends that the trial court erred by striking plaintiff's allegations of damages for emotional upset on the ground that the claimed damages "are not recoverable as a matter of law in the complaint for legal malpractice." She points out that Oregon courts no longer adhere to the rule of no redress for damages for mental anguish without accompanying physical injury or physical consequences, *Melton v. Allen,* 282 Or 731, 736, 580 P2d 1019 (1978), and argues that her claimed damages for emotional upset are recoverable either on the theory of a special relationship between the parties or of the accompanying violation of some other legally protected right. We find neither theory sufficient under the facts of this case. *See Nearing v. Weaver,* 295 Or 702, 708, 670 P2d 137 (1983); *Flowers v. Bank of America,* 67 Or App 791, 679 P2d 1385, *rev den* 297 Or 601 (1984).

■ *Rockhill v. Pollard,* 259 Or 54, 485 P2d 28 (1971),

relied on by plaintiff as authority for her contention that damages for emotional distress can be predicated on the relationship of the parties, is not unqualified authority for that proposition. *Rockhill* involved an action by a woman who, together with her ten-month-old daughter, sustained injuries in an automobile accident and sought treatment from the defendant doctor. Although the plaintiff was bleeding from cuts on her face and inside her mouth and the child was unconscious, cold and vomiting, the doctor allegedly insisted that there was nothing wrong with either of them, gave no advice about future care for the child and required them to leave his office to await transportation outside in sub-freezing temperatures. Although the court particularly noted the defendant's professional obligation, the question before it was not whether damages for emotional distress were recoverable on the basis of an alleged negligent breach of duty arising from that relationship; the question was whether, considering that factor, plaintiff had made out a *prima facie* case of extreme and outrageous conduct by defendant so as to warrant imposition of liability for any resultant severe emotional distress experienced by plaintiff. 259 Or at 60-61. Conversely, plaintiff here does not claim that intentional or reckless behavior on the part of Bernstein caused her severe emotional distress, and we therefore are not called upon to decide whether any special duties owed by him as an attorney are a factor in deeming such conduct actionable. We conclude that *Rockhill v. Pollard, supra,* is inapposite and that plaintiff's reliance on it is misplaced.

We also reject plaintiff's argument that *McEvoy v. Helikson, supra,* is precedent for recovery of damages for emotional upset in an action against an attorney for negligence, predicated solely on a duty owed by the attorney. The court's conclusion in *McEvoy* that the plaintiff was entitled to recover damages for mental anguish, if established at trial, was not founded in the attorney-client relationship; rather, it was based on the conclusion that the defendant attorney's conduct had infringed the plaintiff's legal right under the divorce decree to the custody of his child and that that infringement provided the foundation for such damages.

Plaintiff's reliance on *McEvoy*, however, leads us directly to her alternative contention that liability for emotional distress in this case may be found under the general

maxim that " 'where the wrongful act constitutes an infringement of a legal right, mental suffering may be recovered for, if it is the direct, proximate and natural result of the wrongful act.' " *McEvoy v. Helickson, supra,* 277 Or at 788-89 (quoting *Hinish v. Meier & Frank Co,* 166 Or 482, 506, 113 P2d 438 (1941)). Plaintiff asserts that "[h]er legal rights that were violated included both inadequate and unethical legal representation and the loss of her home" and appears to argue that she is therefore entitled to damages for emotional suffering whenever *any* alleged violation of an independent legal right is involved.

In *Meyer v. 4-D Insulation Co., Inc.,* 60 Or App 70, 652 P2d 852 (1982), we considered a similar argument. We noted that the cases concerning damages for mental distress without physical injury when there is an independent basis of liability have predicated that right on the particular interest invaded and that only certain kinds of invasions have been recognized as giving rise to such damages. After surveying the relevant cases, we concluded:

> "The cases can be grouped into four main categories, although they cannot be said to form a definite pattern: (1) certain intentional torts, including trespass to land, *Douglas v. Humble Oil,* 251 Or 310, 445 P2d 590 (1968); *Senn v. Bunick,* 40 Or App 33, 594 P2d 837, *rev den* 287 Or 149 (1979); *but see Melton v. Allen,* 282 Or 731, 580 P2d 1019 (1978) (emotional distress damages disallowed in trespass to automobile); intentional interference with contractual relations, *Mooney v. Johnson Cattle,* [291 Or 709, 634 P2d 1333 (1981)]; conversion, *Fredeen v. Stride,* 269 Or 369, 525 P2d 166 (1974) and *Douglas v. Humble Oil, supra;* racial discrimination, *William v. Joyce,* 4 Or App 482, 504, 479 P2d 513 (1971); (2) private nuisance, *Macca v. Gen.Telephone Co. of N.W.,* 262 Or 414, 495 P2d 1193 (1972); and *Edwards v. Talent Irrigation District, supra;* (3) invasion of privacy, *Hinish v. Meier & Frank Co.,* 166 Or 482, 113 P2d 438 (1941); *Tollefson v. Price,* 247 Or 398, 430 P2d 990 (1967); and (4) miscellaneous cases: unlawful disinterment of spouse's remains, *Hovis v. City of Burns,* 243 Or 607, 415 P2d 29 (1966); infringement of right to child custody resulting from attorney's failure to deliver client's passport into 'escrow' to prevent client from taking child out of the country, *McEvoy v. Helikson,* 277 Or 781, 788-89, 562 P2d 540 (1977)." 60 Or App at 73-74.

In the present action, plaintiff does not allege an intentional

tort, private nuisance or invasion of privacy. Her entitlement to damages for emotional upset, therefore, would have to be found within the rationale of the fourth category of "miscellaneous" cases.

The critical inquiry becomes whether the kind of interest invaded is of sufficient importance as a matter of policy to merit protection from emotional impact. *See Meyer v. 4-D Insulation Co., Inc., supra,* 60 Or App at 74-75. In comparison with the interests for which damages for emotional distress have been recognized, it is not. In *Hovis v. City of Burns, supra,* the interest invaded was the personal right of the survivor of a deceased to have the deceased's remains undisturbed; in *McEvoy v. Helikson, supra,* the interest invaded was the right to a parental-child relationship. The right to share equitably in a marital asset is not of comparable magnitude. *See Meyer v. 4-D Insulation Co., Inc., supra.* Plaintiff's invaded interest is solely an economic one; that she was required to engage in legal action regarding that interest does not change its character. She can be adequately compensated by damages for the value of her lost equity and related legal fees. The trial court did not err in striking the allegations of damages for emotional distress from plaintiff's complaint.

Plaintiff's final assignment concerns the dismissal of her complaint against Pengilly. The assignment reads:

> "Plaintiff concedes as alleged by defendant Pengilly in his Motion to Dismiss that her claim against defendant Pengilly is premature unless and until there is a determination that plaintiff's claim against defendant Bernstein is barred by the Statute of Limitations."

That concession makes it unnecessary that we review for error. Pengilly, however, suggests that, because his motion to dismiss under ORCP 21A(8) addressed two additional grounds for dismissal—that plaintiff did not allege that he had a duty to file a claim against Bernstein on her behalf and that she did not allege ultimate facts sufficient to show that she would have prevailed if he had filed such an action—this court should rule on each of the asserted grounds. We decline to do so. Plaintiff's concession of one of the stated grounds does not serve to put the other grounds at issue. Review now would be hypothetical.

Reversed as to the negligence count against Bernstein and remanded; otherwise affirmed.