977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. LOCKARD, Plaintiff-Appellant,
v.
Alma LOCKARD, Defendant-Appellee.
 No. 90-35890.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Lockard appeals pro se the district court's dismissal of his diversity action against Alma Lockard. James alleged claims for intentional infliction of emotional distress, defamation, and invasion of privacy based on Alma's alleged release of materials and photographs which portrayed James as a pornographer to third parties. The district court dismissed James' action for failure to prosecute and failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.
 
 
 3
 Here, James alleged that Alma broke into a storage facility, stole certain papers and photographs of his, and circulated them to several people. James alleged that Alma's intent in doing this was to portray him as a producer, dealer, and user of pornography. James alleged that Alma did this to destroy his reputation, defame him, and inflict intense emotional distress upon him.
 
 
 4
 James filed his original complaint in district court, and was granted leave to amend the complaint. Alma then filed a motion to dismiss the amended complaint for failure to state a claim. James was then given 30 days to respond to the motion to dismiss. James responded by stating he felt he had "adequately fulfilled the requirements of notice pleading in the case at bar." The magistrate judge recommended that the action be dismissed for failure to prosecute and on the merits for failure to state a claim. The district court adopted the magistrate judge's recommendation and dismissed the action.
 
 I. Failure to Prosecute
 
 5
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).
 
 
 6
 Here, the district court dismissed the action in part for failure to prosecute because it found James' response to the motion to dismiss was not sufficient. Nevertheless, James timely responded to the motion to dismiss and stated that his pleadings were adequate. Accordingly, we conclude that the district court erred by dismissing the case for failure to prosecute. See Carey, 856 F.2d at 1440.
 
 II. Failure to State a Claim
 
 7
 We review de novo a district court's dismissal for failure to state a claim. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Gila River Indian Community v. Waddell, 967 F.2d 1404, 1406 (9th Cir.1992). A federal court sitting in diversity jurisdiction applies state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Accordingly, we look to Oregon law to determine whether the district court correctly dismissed James' action for failure to state a claim.
 
 
 8
 A. Intentional Infliction of Emotional Distress
 
 
 9
 To state a claim for intentional infliction of severe emotional distress, a plaintiff must plead that (1) defendant intended to inflict severe emotional distress on plaintiff, (2) defendant's acts did in fact cause plaintiff to suffer severe emotional distress, and (3) defendant's acts constituted an "extraordinary transgression of the bounds of socially tolerable conduct." Madani v. Kendall Ford, Inc., 312 Or. 198, 203, (1991).
 
 
 10
 Here, James alleged that Alma's conduct exceeded the bounds of socially tolerable conduct, was intended to cause severe emotional distress, and did in fact cause severe emotional distress. Accordingly, we conclude that James adequately stated a claim for intentional infliction of emotional distress. See id.
 
 B. Defamation
 
 11
 A defamatory communication is one which would subject a person to hatred, contempt or ridicule or tend to diminish the esteem, respect, goodwill or confidence in which one is held or to excite adverse, derogatory or unpleasant feelings or opinions against one. Farnsworth v. Hyde, 266 Or. 236, 238, (1973). Generally, a defamatory publication must be false in order to be actionable, and the plaintiff must plead falsity as one of the elements of a cause of action for libel and slander. Fowler v. Donnelly, 225 Or. 287, 291, (1960).
 
 
 12
 Here, James alleged that Alma's distribution of the pictures constituted a defamatory publication and was done to subject him to public scorn, contempt, ridicule, and hatred. James further alleged, "[t]he implication of the statements made and pictures presented was that they represented, at worst, illegal activities on the part of the Plaintiff, or at least were evidence of moral turpitude. It is Plaintiff's position that this represents falsity which constitutes a jury question." We conclude that these allegations adequately plead a cause of action for defamation. See id.
 
 III. Invasion of Privacy
 
 13
 To state a claim for invasion of privacy, a plaintiff must plead that (1) the facts disclosed were private facts, (2) the defendant disclosed them to the public generally or to a large number of persons, and (3) the disclosure was in a form of publicity of a highly objectionable kind. Tollefson v. Price, 247 Or. 398, 401, (1967); Flowers v. Bank of Am. Nat'l Trust & Sav. Ass'n, 67 Or.App. 791, 797, rev. denied, 297 Or. 601, (1984).
 
 
 14
 Here, James alleged that Alma released the information to several people and that the materials were introduced during court proceedings and thereby made public. We conclude these allegations are sufficient to state a cause of action for invasion of privacy. See Tollefson, 247 Or. at 401.
 
 
 15
 Accordingly, we reverse the district court's dismissal of James' action for failure to state a claim and remand for further proceedings.
 
 
 16
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3